Gerald FAFORD, Plaintiff,

v.

Donna SHALALA, Secretary of Health and Human Services, Defendant.

Civ. A. No. 93–40158–GN.

United States District Court,
D. Massachusetts.

June 24, 1994.

---

David R. Patterson, Shrewsbury, MA, for plaintiff.

Charlene A. Stawicki, U.S. Atty's Office, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a review of a final decision of the Secretary of Health and Human Services ("the Secretary") denying plaintiff disability benefits under the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g).

On November 20, 1991, the plaintiff, Gerald Faford ("Faford"), filed an application for social security disability insurance and supplemental security income benefits. Faford alleges that he has been unable to work since June 1, 1988 due to the combined effects of three disabilities: 1) the vision in his left eye has been impaired since birth, 2) he has a long history of lower back pain and 3) his left hand was maimed in a work related accident involving a band saw. On March 19, 1992, plaintiff's application was denied. His requested reconsideration of that decision was denied on May 18, 1992.

The Administrative Law Judge ("ALJ") considered Faford's application *de novo* and, on March 1, 1993, denied plaintiff any benefits. A request for review by the Appeals Council was denied on June 15, 1993, rendering the decision of the ALJ the final decision of the Secretary. *See Da Rosa v. Secretary of Health and Human Services*, 803 F.2d 24, 25 (1st Cir.1986).

Plaintiff requested review of the Secretary's final decision in this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff claims that he is unable to perform work which is readily available in the regional and national economy and argues that the Secretary's decision to the contrary is not supported by substantial evidence. For the reasons stated herein, the decision of the Secretary will be affirmed.

## I. FACTUAL FOUNDATION

Faford was forty-three years old at the time of the ALJ decision. He had attained a ninth grade education and had previous work experience as a service station attendant and as a factory worker. Faford alleges that he has been disabled since June 1, 1988, due to the combined effects of his three disabilities.

Faford testified at the hearing before the ALJ that he had trouble reading fine print and performing job tasks involving fine measurements. Dr. Maurice Edwards examined Faford on December 10, 1991, and diagnosed his left eye as amblyopic. This is a condition which cannot be treated or corrected with lenses. The ALJ concluded from the medical evidence that plaintiff has been blind in his left eye since birth. Dr. Edwards' examination also revealed that Faford is far-sighted and astigmatic in his right eye. Dr. Edwards concluded, however, that the vision in Faford's right eye can be corrected with lenses to 20/30. The ALJ found it significant that Faford is able to pass a driver's license test and was able to work for years despite his left-eye visual deficiency.

Faford also testified before the ALJ that he suffers from lower back pain, describing the pain as a "pulling" in his lower back which he experiences when he is involved with prolonged lifting or bending or when he maintains one physical position for a sustained duration. Faford testified that alternating sitting and standing helps to relieve his pain. Dr. Ivan Spear examined Faford on January 6, 1992, and diagnosed his condition as probable, early degenerative disc disease. Faford had not sought treatment for his back ailment since a 1982 visit with Dr. M.A. Davini, a chiropractor. Faford testified that, since 1982, he has used Tylenol, Icy Hot, and a reclining chair with heat and vibration features to treat his back.

In 1985, Faford maimed his left, non-dominant, hand in a work related accident involving a band saw. Faford testified that, due to that injury, he had difficulty grasping, lifting and manipulating objects with his left hand. Dr. Spear evaluated the condition of Faford's hand and concluded that it could be greatly improved by surgery.

The record reflects that, although plaintiff does experience some difficulty in cooking or performing heavy work, he prepares his own meals, performs minor household chores, continues to visit friends and relatives and has no problem with his memory or concentration.

The ALJ concluded that: 1) Faford was not disabled, 2) he has the capacity to perform light work and 3) his complaints of pain and functional restriction are not consistent with the objective medical evidence.

## II. ANALYSIS

### A. Standard of Review

Review of the Secretary's final decision is limited as mandated by 42 U.S.C. § 405(g). Factual findings by the Secretary must be affirmed if they are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Irlanda Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir. 1991). This Court "must uphold the Secretary's findings ... if a reasonable mind, reviewing the evidence in the record as a whole could accept it as adequate to support [her] conclusion." *Irlanda Ortiz,* 955 F.2d at 769 (*quoting Rodriguez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir.1981)); *see also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Therefore, even if the record could be perceived to support other conclusions, the final decision of the Secretary must be upheld if supported by substantial evidence. *Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987), *cert. denied,* 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988). The Secretary, rather than the Court, is responsible for deciphering issues of credibility and drawing inferences from and resolving conflicts in the evidence. *Irlanda Ortiz,* 955 F.2d at 769; *Evangelista v. Secretary of Health and Human Services,* 826 F.2d 136, 141 (1st Cir.1987).

### B. Disability Analysis

■ To establish entitlement to disability benefits, the burden is on the plaintiff to prove that he has become disabled within the meaning of the Act. *Bowen v. Yuckert,* 482 U.S. 137, 146–47 & n. 5, 107 S.Ct. 2287, 2294 & n. 5, 96 L.Ed.2d 119 (1987); *Deblois v. Secretary of Health and Human Services,* 686 F.2d 76, 79 (1st Cir.1982). Under the terms of the Act, a person suffers from a disability when he is unable to engage in any substantial gainful activity due to a medically determinable condition likely to result in

death or continuously last for at least twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1), 1382c(a)(3)(A). Numerous provisions of the Act stress the need for confirming medical evidence. *Id;* 42 U.S.C. §§ 423(d)(3), 423(d)(5), 1382c(a)(3)(C). Moreover, not only must the claimant be unable to perform his past work but, given his age, education and work experience, he must be unable to "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

■ Therefore, a claimant is not guaranteed disability benefits merely because he suffers from a medically verifiable impairment. A claimant must also show that, due to his impairment, he is precluded from engaging in any substantial gainful activity within the entire national economy. *Bowen,* 482 U.S. at 142, 107 S.Ct. at 2291–92; *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986); 20 C.F.R. §§ 404.1520(f), 416.920(f).

## C. *Faford's Alleged Impairments*

Faford contends that the substantial evidence in the record does not support the ALJ's conclusion that he was not disabled, arguing that no reasonable mind could view the evidence as a whole and conclude that he is not disabled. *See Richardson,* 402 U.S. at 401, 91 S.Ct. at 1427; *Irlanda Ortiz,* 955 F.2d at 769.

The ALJ was satisfied as to the limiting affects of Faford's non-dominant hand injury upon his ability to work but the ALJ was not convinced that Faford's left-eye blindness and back pain substantially limited his capacity to work. The ALJ's conclusions with respect to Faford's disabilities find substantial support in the record.

■ While Faford indicated that he had difficulty in reading fine print and that his left-eye vision cannot be corrected with lenses, the evidence indicated that 1) his corrected right eye vision is 20/30, 2) he is able to pass a driver's license test and 3) his past work experiences have not been adversely impacted by this impairment. The Secretary's decision with respect to Faford's vi-

sion-related disability is therefore supported by the evidence.

Faford also testified that he experiences lower back pain with prolonged lifting and bending and when he maintains a stationary position. Although diagnosed with probable, early degenerative disc disease, he had not sought treatment for this condition since 1982. Instead, he eased his discomfort with non-prescription remedies. It is entirely permissible for the ALJ to infer from this evidence that Faford "would have secured more treatment had his pain been as intense as alleged." *See Irlanda Ortiz,* 955 F.2d at 769.

■ In *Avery v. Secretary of Health and Human Services,* 797 F.2d 19 (1st Cir.1986), the Court of Appeals for the First Circuit established the framework for analyzing the kind of complaints Faford proffers with respect to back pain. Under *Avery,* the ALJ must investigate several specific factors in order to ascertain whether the alleged pain constitutes an additional limitation upon a claimant's ability to perform a substantial gainful activity. Included among these factors are:

1) the nature of claimant's pain,
2) any factors which may precipitate and/or aggravate claimant's pain,
3) any medication and/or treatments other than medication taken by claimant to alleviate his pain,
4) any functional restrictions experienced by claimant,
5) the claimant's prior work record, and
6) the claimant's daily activities.

*Avery,* 797 F.2d at 28–29. The record establishes that this investigation as to medical and non-medical evidence was dutifully performed by the ALJ. While he did find Faford suffered from probable, early degenerative disc disease and accompanying back pain, the ALJ also found "a substantial disparity between the claimant's complaints of [constant and incapacitating] pain and the objective medical findings." As such, the ALJ found that Faford's complaints of substantial back pain were not credible. Because the ALJ had the opportunity to evaluate Faford's demeanor, the ALJ's judgment

of credibility merits deference. *See Frustaglia v. Secretary of Health and Human Services,* 829 F.2d 192, 195 (1st Cir.1987).

■ The ALJ's judgment is also supported by specific findings. Among other determinations, the ALJ was influenced by 1) the lack of a prescribed treatment program and the failure of Faford to seek treatment for his back ailment, 2) Faford's ability to drive a car and care for his personal needs, 3) Faford's continued practice of visiting friends and family and 4) inconsistencies between Faford's written report and his oral testimony. These specific findings lend added weight to the ALJ's conclusions with respect to Faford's credibility. *See id; DaRosa v. Secretary of Health and Human Services,* 803 F.2d 24, 26 (1st Cir.1986).

Faford maintains that the ALJ's analysis was inconsistent with 20 C.F.R. § 404.1529 because he failed to search for a medically determinable impairment which could reasonably be expected to produce the alleged pain. The ALJ did find, however, that Faford suffers from probable, degenerative disc disease. The ALJ also incorporated the conclusions of Dr. Spear by placing a restriction against excessive bending, twisting or stooping on Faford's work capability. The ALJ merely found not credible Faford's complaints of pain beyond that which was medically verifiable.

### D. *Expert Testimony*

■ A vocational expert was questioned by the ALJ with respect to the number of jobs in the economy which plaintiff is capable of performing. The expert identified the following such positions in Massachusetts: 1) 11,000 positions as an automatic test equipment operator, 2) 16,000 positions as a textile, electronics or shoe inspector, 3) 2,000 positions as a duplicating machine operator and 4) 4,200 positions as a photo process worker. These positions are "unskilled" and require the use of only one upper limb.

The ALJ's overall evaluation was that Faford retained the residual functional capacity for light work, limited by his injured left hand, and restricted against excessive bending, twisting and stooping. These restrictions are substantial enough to prevent Faford from the full range of light work activities. Benefitting from the evaluation of the vocational expert and the above conclusions, the ALJ properly applied Faford's profile to Rule 202.17, Table No. 2 of the Medical–Vocational Guidelines ("the Grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2, and concluded that Faford was qualified to perform other jobs existing in significant numbers in the regional economy.

Faford asserts that the vocational expert's testimony does not constitute substantial evidence because neither of the hypothetical questions posed by the ALJ included all of Faford's impairments. It is true that the first hypothetical did not include any reference to back pain, bending, twisting or stooping. However, the second hypothetical did elaborately discuss such a significant painful back condition. Despite the inclusion of this condition in the hypothetical, the only change in the expert's response was that the individual's capacity to work would be limited by his tolerance of pain. The expert opined that severe pain would be a problem. The expert's testimony added that all of the positions he had identified permitted the worker to sit and stand during the day. He also stated that they only required lifting of less than ten pounds on a repeated basis and little, if any, bending. The ALJ had set Faford's threshold of pain at excessive bending, twisting and stooping. The "flexibly functioning" positions described by the vocational expert are within those boundaries.

The only additional consideration resulting from the second hypothetical was Faford's tolerance for pain. As noted previously, the ALJ found that Faford's complaints of excessive back pain lacked credibility. The requirements of the identified positions fall within the parameters set by the ALJ with respect to the degree of alleged back pain actually suffered by Faford. The Secretary's conclusion that Faford is capable of performing numerous identified jobs is therefore supported by substantial evidence on the record.

Faford also complains that the hypotheticals did not properly address his visual impairment. The second hypothetical specifically included impaired depth perception and

limited ability to read fine print. These additional considerations did not effect the expert's testimony. Faford's eye impairment therefore was not a significant limiting factor with respect to his ability to perform a substantial gainful activity in the economy.

Similarly, Faford's complaint that his left hand impairment was not properly addressed in the hypotheticals is irrelevant because all of the positions identified by the expert required the use of only one upper limb.

■ The ALJ's consideration of the expert's testimony was entirely proper. Because plaintiff does experience non-exertional limitations on his ability to perform the full range of light work, it was proper for the ALJ to use the Grid as a "framework" supplemented by expert testimony. 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.-00(e)(2). *See also DaRosa,* 803 F.2d at 26; *Frustaglia,* 829 F.2d at 195.

Based on the foregoing considerations, this Court finds that a reasonable mind could have concluded from the evidence in the record that plaintiff retained the residual functional capacity to perform light work, limited by his injured left hand and by restrictions against excessive bending, twisting and stooping. This Court also finds that the ALJ's reliance upon the vocational expert's testimony is substantially founded in the record. There is substantial support in the record for the final decision of the Secretary and that decision will therefore be affirmed.

## ORDER

For the foregoing reasons, this Court finds that the Secretary's final determination that the plaintiff is not disabled within the meaning of the Social Security Act was supported by the substantial evidence on the record. Accordingly, the decision of the Secretary is **AFFIRMED.**

So Ordered.