Chamberlin v. Shalala          CV-94-202-L   01/11/95

THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Susan Chamberlin


        v.               #C-94-202-L


Donna Shalala, Secretary of
 Health and Human Services

## ORDER


     Plaintiff Susan L. Chamberlin seeks review, pursuant to 42 U.S.C. §405(g), of a final determination of the Secretary of Health and Human Services (HHS) denying her application for Social Security benefits.  Currently before the court are Plaintiff's Motion to Reverse and Remand for Further Hearing (Docs. 8 & 11) and Defendant's Motion for Order Affirming the Decision of the Secretary (Doc. 10).  For the reasons set forth below, the plaintiff's motion is denied and the defendant's motion is granted.


BACKGROUND

     Susan Chamberlin is a 27 year old mother of one minor child. She has an IQ of 75 and attended school in Keene, New Hampshire. While enrolled in school, Ms. Chamberlin participated in both regular and special education classes.  Tr. 45.  Ms. Chamberlin has previously worked in a donut shop, for a laundromat, and as a

meat packer for Kerr Associates. Tr. 47, 123-126.

The primary medical problem of which the claimant complains is asthma. Ms. Chamberlin has suffered from her asthma condition for the past four years. Tr. 55-56, 199, 224. In an attempt to control her asthma condition, she takes various bronchodilators, pills, and sprays. In addition to her asthma medical problem, she also allegedly has arthritis in both knees and back pain due to muscle spasms. Tr. 199, 201-202.

On July 13, 1992, Ms. Chamberlin filed an application for a period of disability and for disability insurance benefits and for Supplemental Security Income benefits, alleging an inability to work since April 11, 1989. Tr. 73-79, 145-157. The applications were denied on October 22, 1992 (Tr. 103-105, 160-162) and again on reconsideration on January 4, 1993 (Tr. 110-112, 166-169).

An Administrative Law Judge (ALJ), before whom the plaintiff, a friend, and a Vocational Expert (VE) appeared, considered the case de novo, and ultimately concluded that the plaintiff was not under a disability. Tr. 15-29. The Appeals Council denied the plaintiff's request for review, thereby rendering final the decision of the Secretary. Tr. 10-11.

Plaintiff, through her attorney, now maintains the final decision should be reversed and remanded for further proceedings since the plaintiff was unrepresented at the hearing and she did

not waive her right to counsel.  Further, the plaintiff alleges that the ALJ failed to consider the severity of her arthritic knees in his final decision.  Based on these errors, plaintiff contends the ALJ's finding of not disabled is not supported by substantial evidence.

DISCUSSION

An individual seeking social security disability benefits will be considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less that 12 months."  42 U.S.C. § 416 (i)(1)(A)(Supp. V 1981); 42 U.S.C. § 1382c(a)(3)(A) (1976); See Faford v. Shalala, 856 F. Supp. 13 (D.Mass. 1994).  The Secretary of Health and Human Services will find a claimant disabled only if the claimant's

> physical or mental impairment or impairments are of
> such severity that he is not only unable to do his
> previous work but cannot, considering his age, edu-
> cation, and work experience, engage in any other kind
> of substantial gainful work which exists in the
> national economy, regardless of whether such work
> exists in the immediate area in which he lives, or
> whether a specific job vacancy exists for him, or
> whether he would be hired if he applied or work.

42 U.S.C. § 423(d)(2)(A) (1976).

3

The Secretary utilizes a five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920 in considering disability claims. This five-step procedure is summarized as follows:

> First, the Secretary considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the Secretary next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the Secretary will consider him disabled without considering vocation factors such as age, education, and work experience; the Secretary presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the Secretary then determines whether there is other work which the claimant can perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).

The scheme of the Act places a very heavy initial burden on the claimant to establish the existence of a disabling impairment. Bowen v. Yuckert, 482 U.S. 137, 146-47 (1987); Santiago v. Secretary of HHS, 944 F.2d 1, 5 (1st Cir. 1991). To meet this burden, the claimant must prove that his impairment prevents him from performing his former type of work. Gray v. Heckler, 760 F.2d 369, 371 (1st Cir. 1985) (citing Goodermote v. Secretary,

4

690 F.2d 5, 7 (1st Cir. 1975)). The claimant is not required to establish a doubt-free claim; the initial burden is satisfied by the usual civil standard, a "preponderance of the evidence." See Paone v. Schweiker, 530 F. Supp 808, 810-11 (D.Mass 1982); see also 1 Unemployment Insurance Reporter (CCH) 12, 679 (April 15, 1985). Further, the claimant must show a "medically determinable" impairment, and only in a rare case can this be shown without medical evidence. Thompson v. Califano, 556 F.2d 616, 618 (1st Cir. 1977) (citing 42 U.S.C § 423(d)(1)(A)); Ramirez v. Secretary, 528 F.2d 902, 903 (1st Cir. 1976).

Once a plaintiff has shown an inability to perform her previous work, the burden shifts to the Secretary to show that there are other jobs in the national economy which the claimant can perform. Vasquez v. Secretary of Health and Human Services, 683 F.2d 1 (1st Cir. 1982). In assessing a claim for disability, the Secretary shall consider objective and subjective factors, including the following; (1) objective medical facts; (2) claimant's subjective evidence of pain and disability as testified to by the claimant or other witness; and (3) the claimant's education background, age and work experience. See e.g., Avery v. Secretary of Health and Human Services, 797 F.2d 19 (1st Cir. 1986); Goodermote, 690 F.2d at 6. If the Secretary shows the existence of such jobs, then the overall burden remains

5

with the claimant. Hernandez v. Weinberger, 493 F.2d 1120, 1123 (1st Cir. 1974); Benko v. Schweiker, 551 F. Supp. 698, 701 (D.N.H. 1982).

A finding by the Secretary that a claimant has not shown disability is conclusive if supported by substantial evidence. 42 U.S.C §§ 405(g), 1383(c)(3); Ortiz v. Secretary of HHS, 955 F.2d 765, 769 (1st Cir. 1991). Substantial evidence is:

> "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). "[I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." NLRB v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300 (1939). This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusion from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.

Consolo v. Federal Maritime Com., 383 U.S. 607, 620 (1966) (citations omitted).

Although it is for the Secretary to weigh and resolve conflicts in the evidence, Burgos Lopez v. Secretary of Health & Human Services, 747 F.2d 37, 40 (1st Cir. 1984)(citing Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982)), the court is empowered to scrutinize the record as a whole and determine the reasonableness of the decision. Ortiz, 955 F.2d at 769. Upon review, a court must be content that the claimant has had a "full hearing under the Secretary's regulations and in accordance with

the beneficent purposes of the Act." Gold v. Secretary of
Health, Education and Welfare, 463 F.2d 38, 43 (2d Cir. 1972);
Hankerson v. Harris, 636 F.2d 893, 895 (2d Cir. 1980). This
satisfaction is particularly necessary where "the claimant is
handicapped by lack of counsel . . . ." Gold, 463 F.2d at 43.
Where there is a form of handicap, "the ALJ has a `duty . . . to
scrupulously and conscientiously probe into, inquire of, and
explore for all the relevant facts . . . .'" Hankerson v.
Harris, 636 F.2d at 895 (quoting Gold, 463 F.2d at 43), and a
court reviewing the Secretary's decision has "a duty to make a
`searching investigation' of the record" to make indubitable that
the claimant's rights have prudently been protected. Gold, 463
F.2d at 43.

With the above principles in mind, we review the adminis-
trative transcript and plaintiff's allegations supporting her
claim for reversal.

I. Lack of representation

Plaintiff's first contention is that she was prejudiced
during the administrative procedure by her lack of repre-
sentation. Principally, plaintiff, through her attorney, now
maintains that, given the limited ability of the plaintiff to
read or write, the ALJ should have been cognizant that the notice
of hearing, which outlined her right to counsel, could not be

7

fully and adequately understood. Further, plaintiff's attorney contends, the ALJ made little or no attempt to follow up on whether plaintiff understood her right to have, without charge or on a contingency basis, legal representation.

The law is apodictic that claimants for Social Security disability benefits have a statutory right to counsel at hearings. See 42 U.S.C. 406; see also 20 C.F.R. 404.1705. However, this right to counsel "falls well below the Sixth Amendment threshold" indicative to criminal cases. Evangelista v. Secretary of Health and Human Services, 826 F.2d 136, 142 (1st Cir. 1987). As part of the right to counsel, claimants should be appropriately notified of this right. Claimants may, following sufficient notification of the right to counsel, waive the right by intelligently deciding to proceed pro se. See Evangelista, 826 F.2d at 142; see also Edwards v. Sullivan, 937 F.2d 580, 585-86 (11th Cir. 1991); Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990); Holland v. Heckler, 764 F.2d 1560, 1562-63 (11th Cir. 1985).

Typically, the variety of information that must be set forth in the notice to claimants concerning their right to counsel includes:

    (1)  a description of the benefits to be derived from
    representation by competent counsel;

    (2)  the identity of legal service organizations that will

8

represent qualifying claimants without charge;

(3)   the fact that attorneys will sometimes agree to represent claimants on a contingency fee basis; and

(4)   the existence of a statutory ceiling of twenty-five percent on attorney's fee payments that may be paid from an award of past benefits and a requirement that such fees be subject to court approval.

See, e.g., Thompson v. Sullivan, 933 F.2d 581, 584-85 (7th Cir. 1991); Edwards, 937 F.2d at 585-86; Holland, 764 F.2d at 1563; Smith v. Schweiker, 677 F.2d 826, 829 (11th Cir. 1982).


"However, a flaw in the notice does not automatically require that the case be remanded.  Rather, claimants must also show that they were prejudiced by their lack of representation. Marsh v. Secretary of Health and Human Services, C-93-605 (D.N.H. 1994).

In the case at hand, the plaintiff was repeatedly notified of her right to representation.  For instance, in response to her request for a hearing before an Administrative Law Judge, plaintiff was informed that

[y]ou may choose to be represented by a lawyer or other person.  A representative can help you get evidence, prepare for the hearing, and present your case at the hearing.  If you decide to have a representative you should find one **immediately** so that he or she can start preparing your case.

Tr. 33.


Additionally, during the course of the administrative

9

hearing, the ALJ recognized plaintiff's absence of legal representative and inquired whether she would "like to go forward at this hearing without a representative?" Plaintiff responded in the affirmative. Tr. 37.

Likewise, in the ALJ's Notice of Decision (Tr. 15) plaintiff was informed that

> [y]ou may have a lawyer or other person help you in any appeal you file with the Appeals Council. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal.
>
> If you get someone to help you with an appeal, you or that person should let the Appeals Council know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a lawyer, we will withhold up to 25 percent of any past-due insurance benefits to pay towards the fee.

Tr. 17

Finally, within her letter to the Appeals Council asking for an Appeal and a review of the decision, Ms. Chamberlin states that "I relize (sic) I had the right to a lawyer and I didn't bring one to my appeal. However I did talk to one over the phone this time and was advise to right a letter in my own behafe (sic). If I need a lawyer I will have one. I really didn't feel that I would need one." Tr. 233.

Simply put, plaintiff's lawyer's contention that the ALJ should have reasonably foreseen or been cognizant, based on

10

plaintiff's writing and reading ability, that plaintiff could not fully and adequately understand her rights is without merit. Based on the correspondence sent to plaintiff, her response to correspondence, and the testimony proffered at the hearing concerning representation, there are sufficient indications that plaintiff received and understood notice of her right to counsel. Furthermore, the correspondence and ALJ's questions relating to lack of representation was adequate to establish that her decision to proceed without representation was knowing and intelligent.

The court reasons that plaintiff, by independently pursuing her rights and successfully conforming to the onerous requirements of the Act, manifestly indicated her ability to comprehend the notices pertaining to her right to counsel, but nonetheless decided to waive her right to representation. Perhaps the defendant expresses the notion of plaintiff's ability best in his statement - "[i]ndeed, the fact that Plaintiff is now represented indicates that she does understand her right to representation, and can exercise it when she chooses." Doc. 10.

In light of the above, the court concludes that the plaintiff made a knowing and intelligent waiver of her right to representation. Based on this conclusion, a further consideration of whether plaintiff was prejudiced by her lack of

11

counsel is unwarranted.

II.  Consideration of subjective pain complaints

Plaintiff next contends the ALJ erred by not properly fac-
toring into the hypotheticals posed to the VE certain subjective
pain complaints stemming from arthritis in plaintiff's knees and
spasms in plaintiff's back.  Succinctly, plaintiff asserts the
ALJ did not adequately or fully examine her arthritis problems
and the effect of the problems on her ability to function.  Upon
review of the medical records and administrative record, the
court does not agree with plaintiff's contention.

The Social Security Act provides that in determining whether
a claimant is entitled to disability, consideration should be
given to all symptoms, including pain, both subjectively by the
claimant and by examining physicians.  20 C.F.R., Chapter III,
Part 404, Subpart P, Appendix 2, Section 200.00 and 20 C.F.R.,
Chapter III, Section 404.1529 (1994).  This court recognizes that
an ALJ must consider the claimant's subjective pain complaints
once a medical impairment is established.  See Avery v. Secretary
of Health and Human Services, 797 F.2d 19, 21 (1st Cir. 1986).

In the case at hand, the ALJ complied with Avery by
carefully and thoroughly questioning the claimant about pain.
For example, during the administrative hearing, the ALJ spent

12

significant time questioning the plaintiff about her bad leg, the effects or limitations resulting from the condition, and also the medications taken for the problem and the effects of the medication. Tr. 53-56. The ALJ also carefully reviewed the medical evaluations conducted by Dr. Bijoy L. Kundu. In capitulating Dr. Kundu's findings, the ALJ noted that

> Dr. Kundu has diagnosed the claimant with . . . arthritis of the knees, and back pain due to muscle spasm. On examination, he noted that there was some restriction of back movement because of pain and an x-ray of the cervical spine revealed findings compatible with muscle spasms. . . . On August 31, 1993, Dr. Kundu stated that the claimant was able to lift and carry up to 10 pounds frequently during the course of an eight hour day and he placed no restrictions on her ability to sit. He felt that the claimant was able to walk and stand for only one hour in an eight hour day due to her arthritis. He also noted that she should avoid pushing or pulling and climbing, kneeling or crawling. Dr. Kundu reported that the claimant would have no difficulty reaching, handling, feeling, seeing, hearing and speaking . . . .

Tr. 22.

Considering the evaluations and conclusions proffered by Dr. Kundu, the plaintiff's limitations are consistent, and in fact comport, with the ALJ's determination that plaintiff retains a residual functional capacity (RFC) for sedentary to light work. Furthermore, the court finds suspect plaintiff's current complaint concerning limitations imposed by her knee arthritis and back spasms when, during the course of the administrative

13

hearing, she did not testify as to any significant or major limitations due to these conditions. Instead, she testified that she was capable of taking care of her seven year old, taking her pet for walks every day, and doing household chores like cleaning, vacuuming, shopping, laundry, meal preparation and taking care of a roommate. Tr. 49-53.

Next, following testimony by the plaintiff concerning her impairments and limitations, the ALJ incorporated her abilities into hypotheticals posed to the VE. Concisely, the ALJ asked the VE to consider, in determining potential work for plaintiff, factors such as inability to do significant reading and writing; inability to work in jobs where there would be exposure to excessive amounts of dust, fumes and odors; inability to do significant levels of walking, climbing ladders or climbing stairs; inability to lift weight in excess of 20 pounds; inability to stand in one place for any great length of time; and necessity of being able to sit down for extended periods of time. Tr. 64-69.

Considering the totality of the evidence and the ALJ's findings deriving from this evidence, the court opines that plaintiff's limitations and impairments, as proffered by her testimony, were incorporated into hypothetical questions presented to the VE by the ALJ. Moreover, the ALJ acted

14

prudently and within his discretion and authority in reaching his decision regarding plaintiff's pain and impairment. See Ortiz, 955 F.2d at 769. As is the situation in Ms. Chamberlin's case, as long as an ALJ articulates sufficient reasons for rejecting or refusing to give total deference to plaintiff's subjective complaints of pain, the ALJ is within his discretionary power to make a credibility determination regarding plaintiff's complaints of pain. Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986). In considering plaintiff's daily activities, the ALJ certainly articulated sufficient reasons to support his findings. Most notable is the ALJ's conclusion that

> [t]he claimant has alleged that she is unable to work because of pain. . . . In this case, the claimant's complaints are not supported by the clinical findings. In the instant case, the record show that the claimant would be limited to sedentary work activity.
>
> *                        *                        *
>
> In view of the . . . [claimant's] activities, the lack of any restrictions placed upon her by her treating sources both before and after the date she was last insured, the objective findings of record, her limited treatment, and the lack of medication used for relief of pain, the undersigned finds that the claimant's allegations of inability to work because of pain are not credible.

Tr. 22-24

15

CONCLUSION

The court has empathy for Ms. Chamberlin, for she has no doubt suffered with certain conditions and impairments for some time. However, this court is mindful of the fact that the allegations of error, which the plaintiff now maintains, do not rise to a level warranting reversal or remand. First, there are a host of suggestions indicating that Ms. Chamberlin was notified of her right to counsel, but nonetheless decided to waive the right and appear pro se. Second, there is a myriad of evidence running afoul to plaintiff's contention that her subjective pain complaints were inadequately considered by the ALJ.

Therefore, based on the foregoing discussion, plaintiff's Motion to Reverse and Remand for Further Hearing is denied and defendant's Motion for Order Affirming the Decision of the Secretary is granted. The court will enter judgment accordingly.

January 11, 1995

_____
Martin F. Loughlin
Senior Judge

Raymond J. Kelly, Esq.
David L. Broderick, AUSA

16