Raymond R. DA ROSA,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant, Appellee.

No. 86–1275.

United States Court of Appeals,
First Circuit.

Submitted Sept. 12, 1986.
Decided Oct. 7, 1986.

Janice Campbell, Campbell, King & Borofsky, Cambridge, Mass., Alan S. Ells, Flint, Mich., and Cambridge and Somerville Legal Services, Cambridge, Mass., on brief, for plaintiff, appellant.

Nancy B. Salafia, Asst. General Counsel, Dept. of Health and Human Services, William F. Weld, U.S. Atty., and Frederick E. Dashiell, Asst. U.S. Atty., Boston, Mass., on brief, for defendant, appellee.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Appellant Raymond DaRosa, a forty-one year old unskilled laborer, injured his back on two separate occasions while at work, in December 1975 and again on May 27, 1981. He contends that he is unable to work due to his lower back condition and associated pain, and is therefore entitled to Social Security Disability benefits.

Applying the sequential series of tests enumerated in 20 C.F.R. § 404.1520, the Administrative Law Judge ("ALJ") found that DaRosa's impairment was "severe" and prevented him from performing his past relevant work. The ALJ also found, however, that DaRosa possessed the residual functional capacity to perform a sedentary exertional level of work activity. Based on that finding and the application of Vocational Rules 201.27–201.29, 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ concluded that DaRosa was not disabled. The Appeals Council denied review on January 8, 1985 and the district court affirmed the Secretary's final decision on February 10, 1986.

■ 1. DaRosa first challenges the adverse decision below on the ground that the ALJ erroneously discounted appellant's own testimony regarding his incapacitating back pain. Because the Secretary's final decision on DaRosa's application issued when the Appeals Council denied review on January 8, 1985, the Social Security Disability Benefits Reform Act ("Act" or "1984 Reform Act"), enacted on October 9, 1984, determines the proper legal standard for evaluating subjective complaints of pain.[1] Social Security Disability Benefits Reform Act of 1984, P.L. 98–460, 98 Stat. 1794. As we have recently interpreted the Act, it first requires that "there must be a clinically determinable medical impairment that can reasonably be expected to produce the pain alleged." *Avery v. Secretary of Health and Human Services*, 797 F.2d 19, 21 (1st Cir.1986). The Act also provides, however, "that other evidence including statements of the claimant or his doctor, consistent with the medical findings, shall be part of the calculus." *Id.;* 42 U.S.C. § 423(d)(5)(A). Other courts have similarly read the Act. *See Avery*, 797 F.2d at 21 n. 3 (collecting cases).

**1.** It is immaterial for the purposes of this appeal that notice of the ALJ's final decision was mailed to the claimant on September 24, 1984, over two weeks before Congress enacted the 1984 Reform Act.

In reaching his decision, the ALJ apparently discounted DaRosa's testimony concerning his pain and physical limitations because the extent of pain alleged was not corroborated by objective medical evidence.[2] The ALJ's decision, moreover, quotes from a portion of Social Security Ruling 82–58 that we have found "may encourage adjudicators to require a closer nexus between complaints of pain and observable medical findings than the Act now contemplates." *Avery,* 797 F.2d at 22. In *Avery* we did not decide whether SSR 82–58 was incompatible with the 1984 Reform Act because we determined that the Program Operations Manual System (POMS), DI T00401.570, issued by the Secretary on August 1, 1985, mooted the controversy. *Id.* at 24. We did state, however, that "we would not countenance any decision of the Secretary contrary to the liberalized modification of SSR 82–58 as contained in the POMS instructions." *Id.* at 23.

Because the ALJ relied upon an inappropriate legal standard in assessing DaRosa's subjective complaints and determining his residual functional capacity, we must vacate the decision below and remand to the Secretary for proceedings consistent with the interpretive guidelines set forth in the POMS instructions. On remand, the ALJ is still free to find that appellant's testimony regarding his pain and exertional limitations is not credible. *See Gray v. Heckler,* 760 F.2d 369, 374 (1st Cir.1985). This result, however, must be supported by substantial evidence and the ALJ must make specific findings as to the relevant evidence he considered in determining to disbelieve the appellant. *See Benko v. Schweiker,* 551 F.Supp. 698, 704 (D.N.H.1982).

■ 2. DaRosa also challenges the ALJ's failure to consider pain as a *nonex-ertional* limitation. DaRosa contends, therefore, that the ALJ improperly applied the Medical-Vocational Guidelines ("the Grid"), 20 C.F.R. Part 404, Subpart P, Appendix 2, to determine whether appellant was disabled.

If a claimant has a nonexertional limitation in addition to his exertional limitations, then the ALJ may not mechanically apply the rules contained in the Grid. *Sherwin v. Secretary of Health and Human Services,* 685 F.2d 1, 4 (1st Cir.1982). Rather, assuming that the claimant's exertional limitations alone are insufficient for a finding of "disabled," the ALJ may only employ the rules of the Grid as a "framework for consideration of how much the individual's work capability is further diminished in terms of any types of jobs that would be contraindicated by the nonexertional limitations."[3] 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2).

Pain may be a nonexertional factor to be considered in combination with exertional limitations, even though it may also serve as a separate and independent ground for disability. *Gagnon v. Secretary of Health and Human Services,* 666 F.2d 662, 666 n. 8 (1st Cir.1981). On remand, therefore, the ALJ must determine whether DaRosa's back pain and his need to alleviate that pain with frequent rests constitute a nonexertional limitation. In light of the legal standard articulated above regarding subjective complaints of pain, the ALJ may determine that DaRosa cannot sit for long periods of time without frequent intervals of rest. Sedentary jobs, however, generally require that the worker have the capacity to remain seated most of the day. *Thomas v. Secretary of Health and Human Services,* 659 F.2d 8, 10–11 (1st Cir.

---

2. DaRosa testified that he could stand in one position for five minutes or sit for thirty minutes at a time without pain; that once he began to experience pain he required at least half an hour lying on his back to recover; that he experiences pain if he bends frequently; and that he must spend three to four hours each day lying on the floor in half hour intervals.

3. The regulation also requires the ALJ to give "full consideration" to "all of the relevant facts of the case in accordance with the definitions and discussions of each factor in the appropriate sections of the regulations, which will provide insight into the adjudicative weight to be accorded to each factor." 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(e)(2).

1981). Accordingly, if DaRosa's testimony is believed, then the ALJ must engage in an individualized analysis, using the rules of the Grid solely as guidance, and perhaps consider the testimony of a vocational expert before reaching a final determination. *The judgment of the district court is vacated and the district court is directed to remand the case to the Secretary for further proceedings in accordance with this opinion.*