Sonia OLIVERAS, Plaintiff,

v.

Donna SHALALA, Secretary Health and
Human Services, Defendant.

Civ. A. No. 93–40130–NMG.

United States District Court,
D. Massachusetts.

Dec. 7, 1994.

Tim Sindelar, Legal Assistance Corp. of Cent. Massachusetts, Worcester, MA, for plaintiff.

Charlene A. Stawicki, U.S. Attorney's Office, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a review of a final decision of the Secretary of Health and Human Services ("the Secretary") pursuant to 42 U.S.C. § 405(g). The Secretary denied plaintiff's claim for Supplemental Security Income ("SSI") benefits under 42 U.S.C. § 1382.

On May 29, 1991, the plaintiff, Sonia Oliveras ("Oliveras"), filed an application for SSI under Title XVI of the Social Security Act ("the Act"), claiming an inability to work due to asthma. Plaintiff's application was initially denied on August 30, 1991 and again on Reconsideration on November 29, 1991. On December 23, 1991, plaintiff filed a Request for Hearing before an Administrative Law Judge ("ALJ"). Hearings were held on October 16, 1992, November 16, 1992, and December 29, 1992, in which the ALJ considered the matter *de novo* and found that plaintiff was not disabled within the meaning of the Act.

On May 13, 1993, the Appeals Council denied plaintiff's request for review, thereby rendering the decision of the ALJ the final decision of the Secretary, subject to judicial review. *See Da Rosa v. Secretary of Health and Human Services,* 803 F.2d 24, 25 (1st Cir.1986), 42 U.S.C. § 1383(c)(3).

Plaintiff seeks a review of the Secretary's final decision claiming that 1) the ALJ improperly applied the current legal standards, and 2) the ALJ's factual findings are not supported by substantial evidence on the record. Plaintiff moves to vacate the Secretary's decision and find for the plaintiff or, in the alternative, to remand the case to the Secretary for reconsideration of the claim of disability. For the reasons stated herein, the decision of the Secretary will be AFFIRMED.

## I. FACTUAL BACKGROUND

Plaintiff was born April 4, 1959, and was thirty-two (32) years old at the time of her initial application for SSI. Plaintiff has an eleventh-grade education and prior work experience as a home care attendant which required lifting patients, housekeeping and assisting patients with traveling to medical appointments.

Although plaintiff has suffered from asthma since she was three (3) years old, her condition had been stable and her asthma had not been exacerbated by her employment. Plaintiff was dismissed from her last job in 1989 for reasons unrelated to her health. Plaintiff continued to seek employment until at least December 1989.

Plaintiff reportedly had no difficulty with her asthma until May, 1990, when she was seen in the emergency room at Worcester Memorial Hospital because she had difficulty breathing. She was not taking any asthma

medication at that time. She was treated in the emergency room and released. Since that time, plaintiff has had three distinct episodes of exacerbation of her asthma.

Dr. Clayman, a psychologist, evaluated the plaintiff on December 24, 1992, five (5) days prior to the third and final hearing by the ALJ. Dr. Clayman diagnosed the plaintiff with mild depression and anxiety. His report constitutes the only evidence on the record of any mental or emotional impairment.

Plaintiff testified before the ALJ regarding her asthma, current physical limitations and daily activities. She stated that she could no longer work after her hospitalization due to her asthma, yet she describes a daily routine requiring a great deal of exertion. Plaintiff is a single parent who manages her household independently. She is able to walk up to her third floor apartment without assistance. Her daily activities include housecleaning, laundry, cooking, shopping, and child care. She visits family members often and attends church from 6:30 pm to 9:00 pm every other evening.

Plaintiff stated that she has asthma attacks about once per month. At the time of the hearing, however, it had been about eight months since her last attack. Plaintiff also explained that she has headaches and a "very slight pain" in her lower back and right leg which occurs twice per month and lasts for two minutes. She does not take medication for her back or leg pain, but does take Tylenol for headaches.

Medical advisor, Dr. McKusick, reviewed the objective medical evidence and testified that the plaintiff's condition would not adversely impact her ability to do work. Vocational expert, Mr. Scoizelli, testified that the plaintiff's limitations due to asthma do not significantly erode the occupational base for sedentary work.

The ALJ found that the plaintiff does not have an impairment or combination of impairments equal to one listed in Appendix 1, Subpart P, 20 C.F.R. Part 404. The plaintiff has the residual functional capacity to perform the full range of "sedentary" work.[1] The ALJ also concluded that her ability to function in the sedentary category is not significantly limited by any exertional or nonexertional impairments.

## II. ANALYSIS

### A. Standard of Review

■ 42 U.S.C. § 405(g) limits review of the Secretary's final decision. Factual findings by the Secretary must be affirmed if they are supported by substantial evidence in the record. *Id.; Irlanda Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir.1991). This Court "must uphold the Secretary's findings ... if a reasonable mind, reviewing the evidence in the record as a whole could accept it as adequate to support [her] conclusion." *Irlanda Ortiz,* 955 F.2d at 769, *quoting Rodriguez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir.1981). *See also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

Even if the record could support other conclusions, the final decision of the Secretary must be upheld if supported by substantial evidence. *Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987), *cert. denied,* 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988). It is the responsibility of the Secretary, not the reviewing court, to determine issues of credibility, draw inferences from the record and resolve conflicts in the evidence. *Irlanda Ortiz,* 955 F.2d at 769; *Evangelista v. Secretary of Health and Human Services,* 826 F.2d 136, 141 (1st Cir.1987).

### B. Disability Analysis

To establish entitlement to disability benefits, the burden rests with the plaintiff to

---

1. Sedentary work is described as involving ... lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
20 C.F.R. § 416.967(a).

prove that she has become disabled within the meaning of the Act. *Bowen v. Yuckert,* 482 U.S. 137, 147–47 & n. 5, 107 S.Ct. 2287, 2294 & n. 5, 96 L.Ed.2d 119 (1987); *Deblois v. Secretary of Health and Human Services,* 686 F.2d 76, 79 (1st Cir.1982). Under the terms of the Act, a person suffers from a disability when she is unable to engage in any substantial gainful activity due to a medically determinable condition likely to result in death or to continue for at least twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1), 1382c(a)(3)(A). Numerous provisions of the Act stress the need for *confirming medical evidence. See, e.g.,* 42 U.S.C. §§ 416(i)(1), 423(d)(1), (3), (5), and 1382c(a)(3)(A). Moreover, not only must the claimant be unable to perform her past work, but, given her age, education and work experience, she must be unable to "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

■ The determination of whether the claimant meets the statutory definition of disability is reserved to the Secretary, even when a medical source opinion includes a statement that a claimant is "disabled" or "unable to work". 20 C.F.R. §§ 404.1527(e)(1) and 416.927(e)(1). Therefore, a claimant is not guaranteed disability benefits merely because she suffers from a medically verifiable impairment. A claimant also must show that, due to her impairment, she is precluded from engaging in any substantial gainful activity within the entire national economy. *Bowen,* 482 U.S. at 142, 107 S.Ct. at 2291; *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986); 20 C.F.R. §§ 404.1520(f), 416.920(f).

### C. *Plaintiff's Objections to the ALJ's Decision*

Plaintiff contends that the ALJ erred in determining that she had the residual functional capacity to perform the full range of sedentary work. She asserts that the ALJ failed to give proper weight to 1) the psychological evaluation of mental impairment, 2) the opinion of a treating physician as to

plaintiff's limitations, and 3) plaintiff's testimony concerning fatigue and pain.

### 1. *Psychological evaluation of mental impairment*

■ Plaintiff contends that the ALJ should have found that she was severely mentally impaired and "unable to persist at simple tasks" as described in Dr. Clayman's report. The plaintiff alleges that the ALJ erred in relying on the Medical–Vocational Guidelines[2] ("the GRID") to determine whether she is disabled because severe mental impairment is a nonexertional impairment which precludes the use of the GRID.

When a claimant has a severe mental impairment which affects her ability to perform nonexertional activities, the GRID should not be used exclusively to determine whether the claimant is disabled. 20 C.F.R. § 416.969a(c)(2). The procedure for evaluating mental impairments is described in 20 C.F.R. § 416.920a. The ALJ must first determine if a mental impairment exists by a review of the record and any evidence of signs, symptoms, findings, functional limitations and treatments with respect to a mental impairment. 20 C.F.R. § 416.920a(b).

If a mental impairment exists, the ALJ must determine the degree of functional loss attributable to the mental impairment in the four areas of activity considered to be essential to the ability to work. 20 C.F.R. § 416.920a(b)(3). Those areas include 1) activities of daily living, 2) social functioning, 3) concentration, persistence or pace, and 4) deterioration or decompensation in work or work-like settings. *Id.* The ALJ must rate the degree of the claimant's limitations in each of those areas and determine whether the degree of functional loss is so severe that it would prevent the claimant from performing that activity. *Id.*

In the case at bar, the ALJ found Dr. Clayman's report to be the only evidence of any mental impairment. The ALJ determined that the degree of functional loss was slight and that plaintiff had no significant restriction of any of the basic mental de-

---

**2.** *See* 20 C.F.R. Part 404, Subpart P, Appendix 2.

mands of work. This Court agrees and finds that substantial evidence exists on the record to support the ALJ's determination that the plaintiff does not have a severe mental impairment. Therefore, because the plaintiff does not suffer a severe mental impairment, it was appropriate for the ALJ to rely on the GRID in determining the disability of the plaintiff.

### 2. Opinions of treating physicians

■ Turning to the second alleged error, plaintiff argues that the ALJ should have given more weight to the opinion of Dr. Lasser, and more specifically, the Residual Functional Capacity Questionnaire completed on December 2, 1992, which indicates plaintiff may have difficulty performing tasks requiring exertion.

Even if the ALJ had given Dr. Lasser's report controlling weight, it has not been established that this report would preclude the finding reached by the ALJ. The factors to be considered in determining the weight attributable to any medical opinion submitted as evidence are described in 20 C.F.R. § 416.927(d). Those factors are: 1) whether the physician examined and/or treated the claimant, and if so, the length of treatment, frequency of examination, nature and extent of treatment, 2) whether the physician presents evidence and explanations to support an opinion, 3) whether the opinion is consistent with the record as a whole, and 4) whether the physician is a specialist in the relevant area of medicine. *Id.*

In this case, plaintiff testified on November 16, 1991, that she had been seen once by Dr. Lasser. At no time did Dr. Lasser perform any diagnostic tests relating to her asthma. The plaintiff contends that Dr. Lasser reached his conclusions based on reports of prior treating physicians and records of her hospitalization in November 1991. No evidence exists that Dr. Lasser ever examined or treated plaintiff for her asthma, and in fact, plaintiff expressly testified that he did not. Under § 416.927, Dr. Lasser qualifies neither as a treating nor examining physician with regard to plaintiff's asthma, and further, he has provided no objective medical findings.

The weight given to the nonexamining opinions of a medical source will depend upon the degree to which the source has provided supporting explanations for those opinions. 20 C.F.R. § 416.927(d)(3). Dr. Lasser's report provides no supporting explanations for his opinion. Therefore, the ALJ would have been justified in attributing little or no weight to Dr. Lasser's Residual Functional Capacity Questionnaire. Thus, plaintiff's assertion that the ALJ failed to give adequate weight to Dr. Lasser's opinion is without merit.

### 3. Plaintiff's complaints of fatigue and pain

■ Finally, plaintiff argues that the ALJ improperly rejected her claims with respect to the level of fatigue and pain she had been experiencing and its impact on her ability to work. In order for the ALJ to find that pain or fatigue is severe and has a significant effect on plaintiff's ability to work, there must be evidence of a medically determinable impairment which could reasonably be expected to produce those symptoms and evidence that indicate that the intensity and persistence of pain or fatigue limit plaintiff's capacity to work. *Avery v. Secretary of Health and Human Services* 797 F.2d 19, 27 (1st Cir.1986). In determining intensity and persistence of symptoms, the ALJ must consider the entire record, not just objective medical findings. The court in *Avery* found that:

> in evaluating a claimant's subjective complaints of pain, the adjudicator must give full consideration to all of the available evidence, medical and other, that reflects on the impairment and any attendant limitations of function.

*Id.* at 29.

Factors to be considered in evaluating a claimant's reports of pain and fatigue are:

(i) daily activities;

(ii) location, duration, frequency, and intensity of pain and other symptoms;

(iii) precipitating and aggravating factors;

(iv) type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms;

(v) treatment, other than medication, received for relief of pain or other symptoms;

(vi) measures used to relieve pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)

(vii) Other factors concerning functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 416.929(c)(3).

■ With respect to plaintiff's claims of pain, the ALJ found that plaintiff had not shown a determinable medical impairment likely to produce headaches or other pain. The ALJ also considered the total record including the factors listed in 20 C.F.R. § 416.929(c)(3) to determine the intensity and persistence of pain. The ALJ concluded that the plaintiff's pain was not severe and that her claims of limitations due to pain were greatly overstated. This Court agrees.

The evidence shows that the plaintiff was treated once in the emergency room for a persistent headache. The report of that treatment states that plaintiff complained of having a headache for one day with no relief from Tylenol and that she vomited after taking the Tylenol. The only medication she was given in the emergency room was compazine, which is used to treat nausea and vomiting. Shortly thereafter, plaintiff reported complete relief from her headache and was released without further medication or treatment. Although she had mentioned her history of headaches to physicians in the past, no evidence exists that she was ever treated for headaches.

■ With respect to the plaintiff's claim of fatigue, plaintiff claims that her asthma is a medically determinable, severe impairment likely to produce fatigue which significantly limits her ability to do basic work activities. Based on the medical evidence, the ALJ found that the plaintiff has severe asthma and mild to moderate obstructive disease. The ALJ considered the plaintiff's complaints of fatigue due to her asthma in light of her testimony, the factors listed in § 416.929(c)(3), and the record as a whole. Based on that consideration, the ALJ found that the plaintiff's fatigue was moderate and did not preclude the kind of activity associated with sedentary work.

Although the evidence indicates that the plaintiff does have asthma and her condition seems to have worsened since her application for SSI, the evidence as a whole supports the ALJ's finding. Plaintiff's claim that she is unable to exert herself physically is inconsistent with her testimony describing her usual daily activities. Plaintiff's testimony provides convincing evidence that she has the capacity to work, at least, at the sedentary level. The ALJ's analysis with respect to plaintiff's subjective complaints was in accordance with the pertinent legal standards and is supported by substantial evidence.

## III. CONCLUSION

■ Based upon the foregoing considerations, this Court finds that a reasonable mind could have concluded from the evidence on the record that plaintiff retains the Residual Functional Capacity to perform the full range of sedentary work and is not disabled within the meaning of the Social Security Act. The Court also finds that the ALJ properly applied the relevant legal standards.

### ORDER

For the foregoing reasons, this Court finds that the Secretary's final determination was supported by substantial evidence on the record and analyzed under the appropriate legal standards. Accordingly, the decision of the Secretary is **AFFIRMED.**

So ordered.