**Kathleen LAPLANTE, Plaintiff,**

v.

**Donna E. SHALALA, Secretary Of Health and Human Services, Defendant.**

**Civ. A. No. 93–40100–NMG.**

United States District Court, D. Massachusetts.

Sept. 19, 1995.

---

James L. Clifford, Clifford & Clifford, Worcester, MA, for plaintiff.

Charlene A. Stawicki, United States Attorney's Office, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a review of the final decision of the Secretary of Health and Human Services ("Secretary"), denying the plaintiff, Kathleen LaPlante ("LaPlante"), Social Security disability insurance benefits and supplemental security income ("SSI") under the Social Security Act, as amended, 42 U.S.C. §§ 405(g), 1383(c)(3) ("Act").

On January 2, 1990, LaPlante filed applications for disability benefits and SSI, alleging an inability to work due to severe fibrositis, rheumatism and arthritis. After a State agency, in accordance with Social Security laws and regulations, denied both applications in June, 1990 and upon reconsideration in March, 1991, LaPlante filed a timely request for a hearing.

LaPlante and her counsel appeared before an Administrative Law Judge ("ALJ") at a hearing held on November 6, 1991 in Worcester, Massachusetts. Considering the matter de novo, the ALJ concluded, on April 21, 1992, that LaPlante was entitled to neither disability benefits under 42 U.S.C. §§ 416(i) and 423, nor SSI under 42 U.S.C. § 1382c(a)(3)(A). On March 19, 1993, the Appeals Council denied LaPlante's request for review, thereby rendering the determination of the ALJ the final decision of the Secretary and thus subject to judicial review. See Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 25 (1st Cir. 1986).

LaPlante seeks review of the Secretary's final decision, pursuant to 42 U.S.C. § 405(g), and requests that this Court find that: 1) the decision of the ALJ was an abuse of discretion; 2) the ALJ erred as a matter of law; and 3) the ALJ's findings are not supported by substantial evidence on the record.[1] For the reasons stated herein, LaPlante's appeal will be denied and the decision of the Secretary will be affirmed.

## I. BACKGROUND

At the time of the ALJ's decision, LaPlante was a forty-eight (48) year old woman with a high school education. LaPlante underwent carpal tunnel surgery on her right hand in October, 1980 and on her left hand, in November, 1983. In 1984, Dr. C. Paquette, an orthopedic surgeon, indicated that recurrent partial disability could be a problem for LaPlante in the future, but that her condition was not totally disabling.

In 1987, LaPlante terminated her employment as a waitress, claiming that her alleged disability prevented her from performing her duties as a waitress because they required extensive standing and walking. LaPlante thereafter, sought benefits under the Act based on her inability to work after June 1, 1988, due to allegedly disabling pain and stress.

LaPlante has consulted numerous physicians for treatment of both her physical and emotional problems. In March, 1990, Dr. John M. Conte reported that LaPlante, whom he had examined eleven months earlier, was suffering from fibromyalgia. [fibro = fiber, myalgia = muscular pain. See Stedman's Medical Dictionary (26th ed. 1995).] He noted at the time that no objective tests were available to measure plaintiff's subjective complaints of pain symptomatology.

Dr. Katherine Upchurch, who has been treating LaPlante since 1989, stated in Janu-

---

1. For purposes of this decision, the Court relies upon the administrative record, the defendant's memorandum in support of its motion for an order affirming the Secretary, and LaPlante's memorandum in response. The Court notes that 1) a discontinuity following the second page of LaPlante's memorandum indicates missing material, and 2) no supplemental filings were ever received to correct the memorandum.

ary, 1990, that the claimant had tender points and pain in her fingers, sleep disturbance, and osteoarthritis in her hands. Based on objective laboratory data including hemoglobin, hematocrit and rheumatoid factors which have remained normal, Dr. Upchurch concluded that her patient's pain symptomatology has been subjective in nature.

In addition, Dr. Upchurch believed that LaPlante's neck pain in October, 1990, was the result of fibrositis. LaPlante's laboratory studies remained normal through July 1991,.and x-rays of her hands showed minor degenerative changes. Upon consideration of these findings, Dr. Upchurch concluded that the claimant was disabled because of her pain symptomatology.

Dr. Gary L. Wolf, who maintained the records of Dr. Conte subsequent to Dr. Conte's departure from the Boston, Massachusetts metropolitan area, reviewed Dr. Conte's 1990 diagnosis of fibromyalgia, and on March 14, 1992, concluded that fibromyalgia is generally not a disabling or deforming condition with any long term impairments.

LaPlante also has suffered from rectal bleeding and hemorrhoids, for which she was treated at Worcester City Hospital in July, 1989. A subsequent gastrointestinal ("GI") examination revealed that LaPlante was normal and could perform ordinary work functions.

In May, 1990, Dr. Robert Sharpley, a consultative psychiatrist, evaluated LaPlante for her depression and sleep disorder complaints. Although her chief complaint was arthritis and fibrositis, LaPlante reported feelings of depression. LaPlante explained that she spent her time reading, playing bingo and visiting with her five children and seven grandchildren. Dr. Sharpley's diagnosis was: 1) depressive reaction, 2) adjustment disorder, 3) arthritis and 4) fibrositis. In sum, Dr. Sharpley concluded that LaPlante should be receiving therapy.

At her November, 1991, hearing before the ALJ, LaPlante wore wrist braces, allegedly prescribed by Dr. Upchurch, and testified at length with respect to her pain, inability to work as a waitress and potential future hand surgery. She further stated that, two months prior to the hearing, she had received psychiatric help. Prior to his ruling on the matter, the ALJ requested that additional documentary evidence be filed, including reports from LaPlante's sports medicine therapists and Drs. Upchurch and Conte.

LaPlante did file several exhibits following the hearing. Nevertheless, based on the evidence and testimony presented by the claimant, the ALJ found that: 1) although the claimant has a "severe" impairment of fibrositis, it does not meet or equal the severity of those impairments listed in Appendix 1, Subpart P, Regulations No. 4; 2) the claimant's eligibility for benefits cannot be resolved on the basis of medical evidence alone, because of the lack of objective evidence; 3) the claimant retains the residual functional capacity to perform a full range of sedentary work; and 4) therefore, the claimant has not been disabled at any time pertinent to the decision.

## II. ANALYSIS

### A. Standard of Review

■ Review of a final decision of the Secretary is limited under 42 U.S.C. § 405(g). Factual findings by the Secretary must be affirmed if they are supported by substantial evidence in the record and are in accordance with the law. *See Id.; Irlanda Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir.1991). This Court "must uphold the Secretary's findings ... if a reasonable mind, reviewing the evidence in the record as a whole could accept it as adequate to support [her] conclusion." *Irlanda Ortiz,* 955 F.2d at 769 (quoting *Rodriguez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir.1981)). *See also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ Even if the record could be perceived to support other conclusions, the final decision of the Secretary must be upheld if supported by substantial evidence. *Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987), *cert. denied,* 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988). It is the responsibility

of the Secretary, not the reviewing court, to determine issues of credibility, to draw inferences from the record and to resolve conflicts in the evidence. *Irlanda Ortiz*, 955 F.2d at 769; *Evangelista v. Secretary of Health and Human Services*, 826 F.2d 136, 141 (1st Cir. 1987).

### B. *Legal Analysis*
#### 1. *Disability Determination*

■ To establish an entitlement to disability benefits, the burden is on the plaintiff to prove that she is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 146–47 & n. 5, 107 S.Ct. 2287, 2293–94 & n. 5, 96 L.Ed.2d 119 (1987); *see also Deblois v. Secretary of Health and Human Services*, 686 F.2d 76, 79 (1st Cir.1982). Under the Act, a person suffers from a disability when she is unable to engage in any substantial gainful activity due to a medically determinable condition likely to result in death or to continue for at least twelve (12) months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), and 1382c(a)(3)(A). Numerous provisions of the Act emphasize the requirement that medical evidence confirm the existence of the alleged disability. *See e.g.*, 42 U.S.C. §§ 416(i)(1), 423(d)(1), (3), (5), and 1382c(a)(3)(A).

Furthermore, a claimant is not guaranteed disability benefits merely because she suffers from a medically verifiable impairment. Not only must the claimant be unable to perform her past work, but, given her age, education and work experience, she must be unable to "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(2)(A), 1382c(a)(3)(B); *see also Bowen*, 482 U.S. at 142, 107 S.Ct. at 2291; *McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118, 1120 (1st Cir.1986); 20 C.F.R. §§ 404.1520(f), 416.920(f).

■ In the case at bar, the evidence shows that LaPlante suffers from fibrositis and has undergone carpal tunnel release surgery. The Court finds, however, that there is substantial evidence in the record that supports the ALJ's conclusion that LaPlante's conditions, singly or in combination, do *not* constitute a "disability" pursuant to 20 C.F.R., Part 404, Appendix 1, Subpart P. For example, LaPlante's laboratory studies (e.g. rheumatoid factor) have remained normal and in 1991, x-rays revealed only "minor degenerative" changes. *See* Listing 1.04, 20 C.F.R., Part 404, Subpart P, Appendix 1 (addressing impairments of the musculoskeletal system, arthritis specifically).

#### 2. *Residual Functional Capacity*

■ Having not found a disability in the severity of the impairment based upon medical evidence alone, the ALJ proceeded to the next step of analysis and evaluated LaPlante's residual functional capacity ("RFC"), age, education, and work experience. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e); *Goodermote v. Secretary of Health and Human Services*, 690 F.2d 5, 6–7 (1st Cir.1982). The ALJ found that LaPlante has the RFC to perform the full range of sedentary work. 20 C.F.R. §§ 404.1567, 416.967. This Court agrees.

The claimant was 48 years old, which is defined as a younger individual, and had a high school education. 20 C.F.R. §§ 404.1563, 404.1564, 416.963, 416.964. Because of her age and RFC, the Court finds that her work skills were transferable. Accordingly, under Rule 201.21 of the "Grid," LaPlante was not disabled for purposes of receiving either disability benefits or SSI. *See* 20 C.F.R. §§ 404.1569, 416.969, and Part 404, Subpart P, Appendix 2.

#### 3. *Subjective Complaints of Pain*

With respect to plaintiff's complaints of pain and the severity of her symptoms, the ALJ dutifully considered the record in light of *Avery v. Secretary of Health and Human Services*, 797 F.2d 19 (1st Cir.1986). In *Avery*, the Court of Appeals for the First Circuit outlined the following factors that should be considered in determining whether alleged pain constitutes an additional limitation upon a claimant's ability to perform a substantial gainful activity:

1) the nature, location, onset, duration, frequency, radiation, and intensity of any pain;

2) precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

3) type, dosage, effectiveness, and adverse side-effects of any pain medication;

4) treatment, other than medication, for pain relief;

5) functional restrictions; and

6) the claimant's daily activities.

*Avery,* 797 F.2d at 29.

■ The Court finds that the ALJ appropriately considered LaPlante's subjective assertions of disabling pain. Substantial evidence in the record supports the ALJ's findings with respect to the *Avery* inquiry, following the determination that LaPlante was not a credible witness. First, LaPlante presented minimal evidence of medical treatment or follow up. Second, LaPlante worked long past her surgeries (from approximately 1983 to 1988); even reporting some earnings in 1989. Third, LaPlante sought "only minimal" treatment for her depression and crying spells, and further, no evidence suggests that these emotional problems would have had any vocational impact. Finally, LaPlante acknowledged performing various household and personal care activities, including: visiting with friends and family, reading, and playing bingo.

■ Perhaps most importantly, multiple complaints of pain, by themselves, cannot render LaPlante disabled under the Act. "A claimant's statement as to [her] pain shall not alone be conclusive evidence of a disability." *Avery,* 797 F.2d at 20. Rather, there must be:

medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment ... which could reasonably be expected to produce the pain or other symptoms alleged ...

42 U.S.C. § 423(d)(5)(A). A claimant establishes a disability based on allegations of pain only if the medical findings,

when considered with all [the] evidence ... (including statements of the individual or his physician as to the intensity or persistence of such pain ... which may

reasonably be accepted as consistent with the medical signs and findings) ... lead to a conclusion that the individual is under a disability.

*Id.*

The ALJ examined the record and determined that LaPlante's condition did not constitute a disability under the statutory definition. The record supports that finding. The medical evidence in this case compels an inference that the plaintiff is neither disabled nor unable to perform gainful employment. The Court, therefore, will affirm the Secretary's decision to deny disability benefits to LaPlante. *See Rodriguez Pagan,* 819 F.2d at 3 (Secretary will be affirmed so long as the Secretary's inferences are supported by substantial evidence.).

### ORDER

For the foregoing reasons, the Court finds that the final determination of the Secretary that the plaintiff is not disabled is supported by substantial evidence on the record. Accordingly, the decision of the Secretary is **AFFIRMED.**

So ordered.