Maritza MARTINEZ, Plaintiff,

v.

Donna SHALALA, Secretary of Health and Human Services, Defendant.

Civ. A. No. 94–40055–NMG.

United States District Court, D. Massachusetts.

Jan. 19, 1996.

Steven E. Zlochiver, Worcester, MA, for plaintiff.

George B. Henderson, Boston, MA, for defendant.

### MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a review of the final decision of the Secretary of Health and Human Services ("Secretary") under the Social Security Act, as amended, 42 U.S.C. § 405(g), denying to the plaintiff, Maritza Martinez, Supplemental Security Income based on disability.

Section 1631(c)(3) of the Act provides that the "final determination of the Secretary after a hearing ... shall be subject to judicial review as provided in section 205(g) to the same extent as the Secretary's final determinations under section 205." Section 205(g) of the Act, 42 U.S.C. § 405(g), provides, *inter alia*, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the case for a

rehearing" and that "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." Section 205(h) of the Act, 42 U.S.C. § 405(h), restricts the judicial remedy as described and contains a prohibition against an action under the general jurisdiction of the federal district courts for a money judgment.

### I. PROCEDURAL HISTORY

On January 21, 1992, Maritza Martinez filed an application for disability insurance benefits and supplemental security income, alleging her inability to work since January, 1991 due to asthma, back pain, heart/chest pain, and deficits in concentration and memory. Her application was denied initially and, upon reconsideration, by the Social Security Administration.

On September 14, 1993, after a hearing and *de novo* consideration of plaintiff's case, an administrative law judge ("ALJ") found that Ms. Martinez suffered from severe impairments of asthma, lower back pain due to muscle problems, and a slightly enlarged heart, but that those impairments did not, alone or in combination, meet or equal the impairments listed in Appendix 1 of the regulations. 20 C.F.R., Pt. 404, Subpart P, App. 1. The ALJ further found that, although Ms. Martinez had been unable to return to her past work, she had the residual functional capacity for the full range of sedentary work. The ALJ determined that Ms. Martinez was not, therefore, disabled within the meaning of the Social Security Act. On January 25, 1994, the Appeals Council denied a request for review of the ALJ's decision, thereby rendering it the final decision of the Secretary, subject to judicial review. *See Da Rosa v. Secretary of Health and Human Services*, 803 F.2d 24, 25 (1st Cir.1986).

Plaintiff seeks review and remand of the Secretary's final decision, pursuant to 42 U.S.C. § 405(g), and requests that this Court find that (1) the ALJ erred as a matter of law, and (2) the ALJ's decision is not supported by substantial evidence in the record.[1]

---

1. For purposes of this decision, the Court has relied upon the administrative record, the defendant's memorandum in support of its motion for an order affirming the decision of the Secretary, plaintiff's corrected memorandum in support of

For the reasons stated herein, Ms. Martinez's appeal will be denied and the decision of the Secretary will be affirmed.

## II. BACKGROUND

The plaintiff, Ms. Martinez, was 35 years old at the time she applied for Title XVI benefits in January 1992. She has a tenth-grade education and does not communicate in English. Ms. Martinez alleges disability since January, 1991 due to asthma, back pain and heart pain. She has a history of substance abuse and was in methadone treatment at the time of the administrative hearing on this matter on May 14, 1993. Ms. Martinez did not allege her history of substance abuse as a basis of disability. Her employment history is limited and includes work as a clothes sorter, cash register operator, and shoe cleaner.

At her administrative hearing, Ms. Martinez testified that exercise, heat, dust and other environmental pollutants aggravate her asthma which, in the past, has caused her to miss work. Medical progress notes obtained from Worcester City Hospital establish a history of episodic severe asthma attacks that predate the onset of the plaintiff's disability. Those records and plaintiff's testimony show that her asthmatic condition is controlled with medication and indicate that (1) the plaintiff continues to smoke cigarettes despite medical advice to stop, and (2) plaintiff's asthmatic condition remained stable despite her smoking. According to the records, spirometry readings showed that the plaintiff had significant response to a bronchodilator, but there is no evidence that Ms. Martinez has used bronchodilator medication regularly. In addition, a residual functional capacity questionnaire completed by her treating physician, Dr. Endriga, revealed that despite the plaintiff's claim of severe asthma, she still had the capacity to perform at least light work, subject to certain postural and environmental restrictions.

Ms. Martinez testified that even if medication could control her asthma, her back pain would prevent her from being able to work. She described her back pain as being a strong pulsing pain in her lower central back. She testified that her back pain prohibited her from sitting or standing for more than one hour at a time. Her testimony and medical records establish that her back pain began after she was in a car accident in 1991 and was exacerbated by a second car accident in 1992. Upon medical examination, Ms. Martinez was diagnosed with muscle strain and was observed to be in no acute distress. Although medical records indicate that her range of cervical and thoracic motion was limited, pain did not radiate to other parts of her body and her back condition did not interfere with her ability to walk. A residual functional capacity questionnaire completed by another treating physician, Dr. Lasser, revealed that despite the plaintiff's claim of back pain, she still had the capacity to perform at least light work.

With regard to the plaintiff's complaints of heart pain, medical records contain references to childhood surgery for a heart valve condition. X-rays confirmed a prior sternotomy operation and revealed some heart enlargement. The record did not contain evidence of any treatment for complaints of heart pain, or of any diagnostic or clinical tests suggesting related loss of functional capacity. Except for a soft apical systolic murmur, heart sounds were normal during clinical examinations and electrocardiogram results were normal. In addition, Dr. Lasser stated to plaintiff's counsel in a letter dated May 26, 1993, that the plaintiff has no ongoing problems from her childhood heart condition.

At Ms. Martinez's hearing on May 14, 1992, the ALJ granted Ms. Martinez two weeks to submit additional documentary evidence on the issue of whether she had maintained an active medication regime to control her asthma. Among the documents submitted by plaintiff were letters from Dr. Lasser and Dr. Endriga. Neither physician included diagnostic findings to support their residual functional capacity findings that Ms. Martinez is able to do less than the full range of sedentary work.

her motion to remand, the decision of the Secretary and plaintiff's Exhibits A and B.

## III. ANALYSIS

### A. *Standard of Review*

The issue for determination by this Court is whether substantial evidence in the record supports the Secretary's decision that the plaintiff was not disabled within the meaning of the Social Security Act.

■ Review of a final decision of the Secretary is limited under 42 U.S.C. § 405(g). Factual findings by the Secretary must be affirmed if they are supported by substantial evidence in the record and are in accordance with the law. 42 U.S.C. § 405(g); *Irlanda Ortiz v. Secretary of Health and Human Services*, 955 F.2d 765, 769 (1st Cir.1991). This Court "must uphold the Secretary's findings ... if a reasonable mind, reviewing the evidence in the record as a whole could accept it as adequate to support [her] conclusion." *Irlanda Ortiz*, 955 F.2d at 769 (quoting *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222 (1st Cir. 1981)). *See also Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

■ Even if the record could be perceived to support other conclusions, the final decision of the Secretary must be upheld if supported by substantial evidence. *Rodriguez Pagan v. Secretary of Health and Human Services*, 819 F.2d 1, 3 (1st Cir.1987), *cert. denied*, 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988). It is the responsibility of the Secretary, not the reviewing court, to determine issues of credibility, draw inferences from the record and resolve conflicts in the evidence. *Irlanda Ortiz*, 955 F.2d at 769; *Evangelista v. Secretary of Health and Human Services*, 826 F.2d 136, 141 (1st Cir. 1987).

### B. *Legal Analysis*

#### 1. *Disability Determination*

■ To establish an entitlement to disability benefits, the burden is on the plaintiff to prove that she is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 146–47 & n. 5, 107 S.Ct. 2287, 2293–94 & n. 5, 96 L.Ed.2d 119 (1987); *see also Deblois v. Secretary of Health and Human Services*, 686 F.2d 76, 79 (1st Cir.1982). Under the Act, a person suffers from a disability when she is unable to engage in any substantial, gainful activity due to a medically determinable condition that is likely to result in death or continue for at least twelve (12) months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), and 1382c(a)(3)(A). Numerous provisions of the Act emphasize the requirement that medical evidence confirm the existence of the alleged disability. *See, e.g.,* 42 U.S.C. §§ 416(i)(1), 423(d)(1), (3), (5), and 1382c(a)(3)(A).

■ Furthermore, a claimant is not guaranteed disability benefits merely because she suffers from a medically verifiable impairment. Not only must the claimant be unable to perform her past work, but, given her age, education and work experience, she must be unable to "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(2)(A), 1382c(a)(3)(B); *see also Bowen*, 482 U.S. at 142, 107 S.Ct. at 2291–92; *McDonald v. Secretary of Health and Human Services*, 795 F.2d 1118, 1120 (1st Cir.1986); 20 C.F.R. §§ 404.1520(f), 416.920(f).

■ In the case at bar, medical evidence establishes that Ms. Martinez suffers from a slightly enlarged heart, muscle strain in her back, asthma and rhinitis. Nonetheless, the medical signs and objective findings necessary to establish the severity of impairment alleged by Ms. Martinez during the relevant period simply do not exist. Accordingly, the ALJ correctly determined that the opinions of Doctors Endriga and Lasser, that Ms. Martinez is able to do less than the full range of sedentary work, should not be granted controlling weight because their residual functional capacity findings are not well-supported by diagnostic findings and they are inconsistent with other substantial evidence of record. The Court finds, therefore, that there is substantial evidence in the record that supports the ALJ's conclusion that Ms. Martinez's conditions, singly or in combination, do *not* constitute a "disability" pursuant to 20 C.F.R., Pt. 404, Subpart P, App. 1.

#### 2. *Residual Functional Capacity*

■ Having not found a disability in the severity of the impairment based upon medi-

cal evidence alone, the ALJ proceeded to the next step of analysis and evaluated Ms. Martinez's residual functional capacity, age, education and work experience. *See* 20 C.F.R. § 416.920(e); *Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5, 6–7 (1st Cir.1982). The ALJ found that Ms. Martinez has the residual functional capacity to perform the physical exertion requirements of sedentary work. The ALJ further found that the plaintiff's allegations of pain were not credible, and thus determined that a grid analysis, rather than a framework analysis, was appropriate in determining the plaintiff's maximum sustained work capability limited to sedentary work. The Court agrees with that determination.

The grid, by presenting an analysis of various vocational factors in combination with the individual's residual functional capacity, reflects an individual's ability to engage in substantial, gainful activity other than her vocationally relevant past work. 20 C.F.R. Pt. 404, Subpart P, App. 2. As stated above, Ms. Martinez was 35 years old at the time of her hearing, has a tenth-grade education, and is unable to communicate in English. The ALJ found that Ms. Martinez does not have acquired work skills that are transferable to the skilled or semi-skilled work functions of other work. In view of the claimant's age and residual functional capacity, the issue of transferability of work skills is not material. 20 C.F.R. 416.968. Under the grid analysis and based on an exertional capacity for sedentary work, Ms. Martinez, being a younger individual who is unable to communicate in English and who is unskilled or has no skills, shall be found "not disabled." 20 C.F.R. § 416.969 Pt. 404, Subpart P., App. 2, Table No. 1, Rule 201.23.

The ALJ found that Ms. Martinez has no non-exertional limitations that erode the job base analyzed by the grid. This Court affirms that finding and, accordingly, finds that the plaintiff was not disabled beginning January 21, 1992, and continuing through the date of this decision, within the meaning of the Social Security Act and for purposes of receiving Title XVI disability benefits. 20 C.F.R. § 416.920(f).

### 3. *Subjective Complaints of Pain*

With respect to plaintiff's complaints of pain and the severity of her symptoms, the ALJ dutifully considered the record in light of *Avery v. Secretary of Health and Human Services,* 797 F.2d 19 (1st Cir.1986). In *Avery,* the Court of Appeals for the First Circuit outlined the following factors that should be considered in determining whether alleged pain constitutes an additional limitation upon a claimant's ability to perform a substantial gainful activity:

1) the nature, location, onset, duration, frequency, radiation, and intensity of any pain;

2) precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

3) type, dosage, effectiveness, and adverse side-effects of any pain medication;

4) treatment, other than medication, for pain relief;

5) functional restrictions;  and

6) the claimant's daily activities.

*Avery,* 797 F.2d at 29.

Perhaps most importantly, multiple complaints of pain, by themselves, cannot render Ms. Martinez disabled under the Act. "A claimant's statement as to [her] pain shall not alone be conclusive evidence of a disability." *Avery,* 797 F.2d at 20. Rather, there must be:

medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged . . .

42 U.S.C. § 423(d)(5)(A). A claimant establishes a disability based on allegations of pain only if the medical findings,

when considered with all the evidence . . . (including statements of the individual or his physician as to the intensity or persistence of such pain . . . which may reasonably be accepted as consistent with the medical signs and findings) . . . lead to a

conclusion that the individual is under a disability.

42 U.S.C. § 423(d)(5)(A).

█ In the case at bar, the ALJ properly considered the required factors and, in light thereof and of the entire record, the ALJ concluded that Ms. Martinez's assertions of disabling pain were neither consistent with the other evidence nor credible. Determining issues of credibility is the responsibility of the ALJ, and such determination is given great deference by the Court. *See Irlanda Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir.1991). The ALJ's analysis with respect to plaintiff's subjective complaints was in accordance with the pertinent legal standards and supported by substantial evidence.

## IV. CONCLUSION

Based upon the foregoing considerations, the Court finds that a reasonable mind could have concluded from the evidence in the record that Ms. Martinez's condition did not constitute a disability under the statutory definition. The medical evidence in this case compels an inference that the plaintiff is neither disabled nor unable to perform gainful employment. The Court also finds that the Secretary properly applied the relevant legal standards. The Court, therefore, affirms the Secretary's decision to deny disability benefits to Ms. Martinez.

## ORDER

For the foregoing reasons, the Court finds that the Secretary's final determination was supported by substantial evidence on the record and analyzed under the appropriate legal standards. Accordingly, the decision of the Secretary is **AFFIRMED.**

So ordered.