**Heidi CREAMER, Plaintiff,**

v.

**John J. CALLAHAN, Acting Commissioner of the Social Security Administration, Defendant.**

**Civil Action No. 97–30040–KPN.**

United States District Court,
D. Massachusetts.

Nov. 5, 1997.

Catherine M. Hancock, Sullivan & Hancock, Easthampton, MA, for Plaintiff.

Karen L. Goodwin, U.S. Attorney's Office, Springfield, MA, for Defendant.

*MEMORANDUM WITH RESPECT TO PLAINTIFF'S MOTION TO REVERSE THE DECISION OF THE COMMISSIONER (Docket No. 07) and DEFENDANT'S MOTION TO REVERSE AND REMAND THE DECISION OF THE COMMISSIONER (Docket No. 08)*

NEIMAN, United States Magistrate Judge.

This matter is before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act,

which provides for judicial review of a final decision denying Social Security Disability ("SSDI") benefits. The parties have consented that the matter be heard by the court pursuant to 28 U.S.C. § 636(c) and Fed. R.Civ.P. 73(b).

Heidi Creamer ("Plaintiff") has moved to reverse the decision of the Commissioner denying her benefits, claiming that the administrative law judge ("ALJ") wrongfully concluded that a multiple chemical sensitivity disorder ("MCS") cannot be a medically determinable impairment for purposes of SSDI eligibility. Accordingly, Plaintiff asserts that the proper remedy is reversal without remand, given that the unrefuted evidence of record supports her claim of disability. In response, the Commissioner acknowledges that the ALJ's analysis was flawed with respect to MCS, but requests that the matter be remanded for further proceedings. In essence, the parties agree that there were flaws in the ALJ's analysis, but disagree with respect to the appropriate remedy. For the reasons set forth below, the Court will allow the Commissioner's motion and deny Plaintiff's motion.

### DISCUSSION

In order to receive SSDI, an individual must have an insured status and be under a disability. 42 U.S.C. § 423(c)(1)(A). A claimant has an insured status if she worked for a statutorily prescribed period of time and contributed to the disability insurance program. *See* 42 U.S.C. § 423(c)(1)(B). A claimant's disability must also be medically determinable. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(3). In the instant case, the ALJ found that Plaintiff had not established a medically determinable impairment as of the date on which Plaintiff's insured status for purposes of SSDI benefits expired, December 31, 1992.

The parties agree that the ALJ denied Plaintiff's claim at step two of the five-step sequential analysis required by federal regulations and refined by *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6–7 (1st Cir.1982) (citing 20 C.F.R. § 404.1520). *See also Bowen v. Yuckert*, 482 U.S. 137, 140–42, 107 S.Ct. 2287, 2290–92, 96 L.Ed.2d 119 (1987); *Heckler v. Campbell*, 461

U.S. 458, 458–62, 103 S.Ct. 1952, 1952–55, 76 L.Ed.2d 66 (1983); *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1120 (1st Cir.1986). Specifically, the ALJ determined that Plaintiff's MCS could not form the basis for SSDI eligibility. (Administrative Record ("A.R.") at 15; *see also* A.R. at 67–69.) In so finding, the ALJ appears to have relied on the opinion of an agency physician that MCS "is not a diagnosis accepted by the medical community." (A.R. at 13.) Based on that opinion, the ALJ ended his evaluation. He did not ascertain whether Plaintiff's condition with respect to her claimed MCS was severe or recognize its impact on her ability to work.

The Commissioner concedes that the ALJ's analysis was flawed, largely because he relied on the assessment of a non-examining physician which, in addition, was unsupported by the opinion of other physicians. (*See* A.R. at 74, 76–83, 107–115, 254–58, 280–81, 290–93, 301–308.) Accordingly, the Commissioner maintains, the case should be remanded so that the ALJ can fully develop the record and evaluate the medical evidence relating to Plaintiff's MCS. "If on remand," the Commissioner states, "the ALJ determines that Plaintiff's condition constitutes a medically determinable impairment, we then need to determine whether the impairment was severe as of December of 1992, and, if so, carry out the remaining steps of the sequential analysis." (Def. Memo. (Docket No. 08) at 4.)

Despite these representations, the court was concerned that a remand might be fruitless. There appeared to be no point in having Plaintiff go through another hearing only to face, once again, an administrative law judge's conclusion that MCS could not constitute a medically determinable impairment. That outcome seemed likely as MCS is not specifically recognized in the Commissioner's list of impairments and, although MCS is apparently recognized in the Commissioner's Program Operations Manual System (POMS), the POMS had been brought to the attention of the ALJ, but to no avail. (*See* A.R. at 311–335.) Accordingly, the court ordered the Commissioner to file a supplemental memorandum setting forth the Social Se-

curity Administration's position with respect to MCS. The Commissioner complied and, in a supplemental memorandum, specifically agreed "to stipulate that [the Social Security Administration] recognizes multiple chemical sensitivity as a medically determinable impairment." Def. Supp. Memo. (Docket No. 12) at 1.

 Although Plaintiff maintains that the proper remedy is reversal without remand, the court believes that, given the evidence presented, the better course is to remand for further proceedings. While the Social Security Act allows a court to reverse a decision without remand, the First Circuit, recognizing that it is the Commissioner's responsibility to determine the facts, generally favors remand after a finding that an administrative law judge's decision is flawed. *See Lancellotta v. Secretary of Health & Human Servs.,* 806 F.2d 284, 286–87 (1st Cir.1986) (Campbell, C.J., concurring); *DaRosa v. Secretary of Health & Human Servs.,* 803 F.2d 24, 26 (1st Cir.1986); *McDonald,* 795 F.2d at 1125–26; *Carrillo Marin v. Secretary of Health & Human Servs.,* 758 F.2d 14, 16–17 (1st Cir.1985). *See also Weiler v. Shalala,* 922 F.Supp. 689 (D.Mass.1996).

In *Weiler,* much as in the present matter, a remand was ordered when the administrative law judge denied plaintiff's claim at step two of the five step sequential analysis after relying on a consulting physician's view that the claimant's fibromyalgia was not a debilitating disease. Similarly here, a further factual analysis at step two, and beyond if necessary, should be performed by the administrative law judge, not the court. Moreover, the timing of Plaintiff's claimed onset of disability, December 23, 1992, (A.R.70), and the expiration of her insured status, December 31, 1992, is too close a call for the court itself to make at this juncture. If on remand, the administrative law judge finds that Plaintiff's claimed MCS was severe as of December 31, 1992, the remaining steps in the sequential analysis must necessarily be taken.

### CONCLUSION

For the foregoing reasons, Defendant's motion to remand the decision to the Social Security Administration will be allowed for further proceedings in accord with this decision. Plaintiff's motion for reversal will be denied.