**Hoanh Van NGUYEN, Plaintiff,**

v.

**Donna SHALALA, Commissioner, Social Security Administration, Defendant.**

**Civil Action No. 94–40207–NMG.**

United States District Court,
D. Massachusetts.

Aug. 6, 1996.

Sandra L. Mayes, Legal Assistance Corporation of Central Massachusetts, Fitchburg, MA, for Hoanh Van Nguyen.

George B. Henderson, United States Attorney's Office, Boston, MA, for Donna Shalala.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is a review of the final decision of the Commissioner of Health and Human Services ("the Commissioner") under the Social Security Act, as amended, 42 U.S.C. § 405(g) ("the Act"). In that decision, the Commissioner denied to the plaintiff, Hoanh Van Nguyen ("Nguyen"), Supplemental Security Income ("SSI") benefits based on disability under the Act.

On April 30, 1992, Nguyen filed an application for SSI benefits. His application was initially denied on October 27, 1992, and de-

nied again on Reconsideration on February 2, 1993. On February 19, 1993, Nguyen filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On May 23, 1994, an ALJ, after considering the case *de novo*, determined that Nguyen was not under a disability within the meaning of the Act.

On October 7, 1994, the Appeals Council denied Nguyen's request for review. That decision rendered the May 23, 1994, ALJ decision the final decision of the Commissioner, subject to review by this Court. *See Da Rosa v. Secretary of Health and Human Services*, 803 F.2d 24, 25 (1st Cir.1986).

Nguyen seeks a reversal of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g), which provides, *inter alia*, that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing." The claimant contends that the final decision of the Commissioner was neither supported by substantial evidence nor in accordance with the law. He therefore requests that this Court reverse the final decision of the Commissioner and remand the matter for further proceedings. For the reasons stated herein, the decision of the Commissioner will be affirmed.[1]

## I. BACKGROUND

Hoanh Van Nguyen was born in Vietnam on December 1, 1951. He completed six years of education in Vietnam and, although literate in Vietnamese, has difficulty reading, writing or communicating in English. While in Vietnam, Nguyen was employed as a soldier, a farmer, and a packager. During the Vietnam War, he sustained injuries to his right arm and right leg. He and his family arrived in the United States in May, 1982, and since that time he has worked for a period of only two weeks as a packager in a factory. He was unable to continue that work due to back pain, and was similarly

---

1. For purposes of this decision, the Court has relied upon the entire administrative record, the defendant's memorandum in support of her motion for an order affirming the decision of the Commissioner, and Nguyen's memorandum of law in support of his motion to reverse the decision.

incapacitated and prevented from attending vocational evaluation and training through the Massachusetts Rehabilitation Commission ("MRC") in 1992.

In 1986, Nguyen sought medical assistance for pain and impairment caused by his injuries. Dr. George Lewinnek examined him, and found that his right forearm was deformed, with loss of the ulnar shaft, ulnar nerve parasis and post-traumatic arthritis of the right elbow. He also found shrapnel in the right thigh. On March 5, 1986, Dr. Lewinnek surgically removed the shrapnel and performed a fibular bone graft to the segmental right ulnar defect on the claimant's right arm. Administrative Record, Exhibit 23 ("AR, Exh.").

In January of 1987, Nguyen returned to Dr. Lewinnek complaining of persistent pain and a restricted range of motion in his elbow. Dr. Lewinnek performed a resection of a bony block in the right elbow to excise an osteophyte formation. AR Exh. 25. After surgery, Nguyen was placed on a physical therapy program to increase the flexion of his right arm. Flexion increased marginally, but later decreased notwithstanding the physical therapy. Nguyen underwent surgery again in January, 1988 to remove the screws and plates used to graft the bones, although his range of motion was still somewhat restricted. AR Exh. 27.

In November, 1989, Nguyen began medical treatment for lower back pain, and the following month a CT Scan and an MRI showed a herniated disc at L4–5. AR Exh. 29–31. He was admitted to Burbank Hospital in January, 1990, where Dr. Robert Germann, a neurosurgeon, performed an interlaminar laminotomy and removal of a herniated disc. Dr. Germann's notes reveal that, upon discharge, Nguyen was free of radicular pain. AR Exh. 33.

Nguyen returned to Dr. Lewinnek in March, 1990 for a follow-up examination on his arm. At that time, Dr. Lewinnek found that, apart from some partial ankylosis over the right elbow, Nguyen had fully recovered from his arm injury. Furthermore, in April, 1990, Nguyen's physical therapist reported that his back pain had subsided. Dr. Germann examined Nguyen again in May, 1990, and found that the laminectomy had been completely successful, rendering Nguyen neurologically intact without any evidence of weakness or loss of sensation. AR Exh. 30.

In May, 1990, the claimant was examined by Dr. Christine Payne. He had been feeling better, but was experiencing a recurrence of back and hip pain as the result of lifting. Dr. Payne found a spasm in the right paraspinal muscle and slightly decreased sensation in the right calf. She noted that Nguyen was able to stand and walk, but he was unable to do any heavy lifting. Nguyen visited Dr. Payne again in June, 1990, at which time he complained of lower back and right leg pain after prolonged sitting, standing or walking. Dr. Payne noted that the claimant suffered from slightly decreased strength in his right foot. AR Exh. 34.

In October, 1990, Nguyen was seen by both Dr. Germann, the treating surgeon, and Dr. Lewinnek. Dr. Germann stated that Nguyen had no restriction in his ability to stand or walk, that he was able to sit for a period of 3–5 hours, and that he could carry from 20–50 pounds without difficulty. Dr. Lewinnek found that he could stand, walk or sit for eight hours at a time, carry up to 10–20 pounds occasionally, and was restricted only from pushing and pulling motions. AR Exh. 35.

In November, 1990, Nguyen was examined by Robert McGinn, M.Ed., a licensed psychologist. Mr. McGinn noted that Nguyen exhibited symptoms of anxiety and that he had a developmental reading disorder. Mr. McGinn recommended that Nguyen enroll in an English program and receive counseling to alleviate his anxiety. AR Exh. 36.

In February, 1991, Nguyen was examined by Dr. Ivan Spear, an orthopedic surgeon. Dr. Spear found that the mobility in Nguyen's right arm was limited, but that he had good strength in his arm and digital and wrist movement. He noted that Nguyen had recovered well from his back surgery, but cautioned against an occupation which required repetitive bending or lifting. He did not believe that Nguyen's ability to walk was at all impaired. AR Ex. 37.

In July, 1992, Nguyen was examined by Dr. Milton Taylor, a consultative psychologist. Dr. Taylor noted that Nguyen exhibited some symptoms of depression, but that he did not display the range or intensity of symptoms that would qualify him for a diagnosis of severe dysthymia or major depression. Furthermore, Dr. Taylor found no signs of psychosis, suicidal, homicidal or paranoid ideas. Based on the limited scope and intensity of Nguyen's depressive symptoms, Dr. Taylor diagnosed him with a depressive disorder, and stated that neither his depression nor his memory problems would represent a significant basis for his disability claims. AR Exh. 39.

In September, 1992, Nguyen was examined by Dr. Lalit Savla, a physician. Dr. Savla noted that Nguyen complained of lower back pain, accompanied by pain and weakness in the lower extremities. Nguyen associated this pain with sitting and standing. In addition, Nguyen experienced discomfort around his right elbow and tingling and numbness in the right hand. He also evidenced tenderness to palpitation in the lumbar region of L4–5. Dr. Savla determined that Nguyen's right arm was shorter than his left, and there was some wasting over his right elbow. X-rays revealed post-traumatic changes in his elbow, with metallic foreign bodies. Lumbar x-rays showed some mild spurring in his lower lumbar spine, but the disc spaces, pedicles and sacroiliac joints were within normal limits. AR Exh. 40.

In November, 1992, the Massachusetts Rehabilitation Commission reported that Nguyen had begun participation in a vocational evaluation, but that he was unable to complete the evaluation due to low back pain. AR Exh. 41.

In January, 1993, Nguyen was examined by Dr. Matthew Siu, a physician. He complained that sitting and standing caused pain, which was exacerbated by walking. Although Dr. Siu detected decreased sensation to touch over the medial and lateral aspect of the right lower back, he found no abnormalities in the claimant's gait, motor function or reflexes. Dr. Siu suggested that walking be limited to ½ mile and that claimant avoid doing heavy lifting. Dr. Siu further found

that Nguyen interacted adequately with other people and traveled independently in public, but noted some memory, concentration and attention deficits. AR Exh. 42.

On advice of his legal counsel, Nguyen was evaluated by Dr. Stuart J. Clayman, Ph.D, a clinical psychologist, in December, 1993. Dr. Clayman performed a psychodiagnostic interview and a personality evaluation, although he did not employ standard analytical tools, such as the Wechsler Adult Intelligence Scale–Revised, in order to gauge the claimant's IQ. Based on translated answers given to him during an interview with the claimant, Dr. Clayman diagnosed Nguyen with a mild mentally retarded level of cognitive functioning, post-traumatic stress disorder and dysthymia. Although Dr. Clayman offered no clinical basis to justify his diagnoses, he concluded that the claimant 1) would not respond well to stress in a work setting, and 2) would have difficulty concentrating or completing tasks in a timely manner. AR Exh. 45.

## II. ANALYSIS

### A. *Standard of Review*

 Review of a final decision of the Commissioner is limited pursuant to 42 U.S.C. § 405(g). Factual findings by the Commissioner must be affirmed if they are supported by substantial evidence in the record and are in accordance with the law. *Id.; Irlanda Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir.1991). This Court "must uphold the [Commissioner's] findings ... if a reasonable mind, reviewing the evidence in the record as a whole could accept it as adequate to support [her] conclusion." *Irlanda Ortiz,* 955 F.2d at 769 (quoting *Rodriguez v. Secretary of Health and Human Services,* 647 F.2d 218, 222 (1st Cir.1981)); *see also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

 Even if the record could be perceived to support other conclusions, the final decision of the Commissioner must be upheld if supported by substantial evidence. *Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987),

*cert. denied,* 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988). It is the responsibility of the Commissioner, not the reviewing court, to determine issues of credibility, draw inferences from the record and resolve conflicts in the evidence. *Irlanda Ortiz,* 955 F.2d at 769; *Evangelista v. Secretary of Health and Human Services,* 826 F.2d 136, 141 (1st Cir.1987).

### B. *Legal Analysis*

#### 1. *Disability Determination*

■ To establish an entitlement to disability benefits, the burden is on the claimant to prove that he is disabled within the meaning of the Act. *Bowen v. Yuckert,* 482 U.S. 137, 146–47 & n. 5, 107 S.Ct. 2287, 2293–94 & n. 5, 96 L.Ed.2d 119 (1987); *Deblois v. Secretary of Health and Human Services,* 686 F.2d 76, 79 (1st Cir.1982). Under the Act, a person suffers from a disability when he is unable to engage in any substantial gainful activity due to a medically-determinable condition likely to result in death or to continue for at least twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), and 1382(a)(3)(A). Numerous provisions of the Act emphasize the requirement that medical evidence confirm the existence of the alleged disability. *See, e.g.,* 42 U.S.C. §§ 416(i)(1), 423(d)(1), (3), (5), and 1382c(a)(3)(A).

■ Furthermore, a claimant is not guaranteed disability benefits merely because he suffers from a medically verifiable impairment. Not only must the claimant be unable to perform his past work but, given his age, education and work experience, he must be unable to "engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also Bowen,* 482 U.S. at 142, 107 S.Ct. at 2291–92; *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986); 20 C.F.R. §§ 404.1520(f) and 416.920(f).

In evaluating Nguyen's application for SSI benefits, the ALJ applied the familiar and well-established five-step process enumerated in 20 C.F.R. § 404.1520. The ALJ found that:

a) Nguyen has not engaged in substantial gainful work activity since April 30, 1992;

b) although the medical evidence established that Nguyen has "severe" pain in his right arm, lower back pain, depression and anxiety, he does not have an impairment or combination of impairments listed in or medically equal to one of those listed in 20 C.F.R., Part 404, Subpart P, App. 1; and

c) Nguyen is no longer able to perform any of his past relevant work as a soldier, farmer or packager.

#### 2. *Residual Functional Capacity*

■ At step five of the sequential evaluation process, the Commissioner bore the burden of proving that a significant number of jobs existed in the national economy that Nguyen could perform. *Ortiz v. Secretary of Health and Human Services,* 890 F.2d 520, 524 (1st Cir.1989). The ALJ was required to evaluate Nguyen's residual functional capacity ("RFC"), age, education and work experience, in order to determine whether he could work anywhere in the national economy. *See* 20 C.F.R. § 404.1520(f)(1); *Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5, 6–7 (1st Cir.1982).

The ALJ found that Nguyen retained the RFC for a broad range of light work, except for frequent repetitive use of his right upper extremity. In addition, the ALJ concluded that Nguyen's nonexertional impairments did not significantly compromise the vocational base of jobs requiring light exertion. The ALJ then applied the "Grid" set forth in 20 C.F.R. Part 404, Subpart P, App. 2, to conclude that Nguyen was not "disabled" within the meaning of the Act.

In the papers filed with this Court, Nguyen argues that the ALJ: 1) incorrectly characterized his mental impairments, and 2) improperly found that there were other jobs in the national economy that he could perform.

#### a. *Mental Impairments*

■ Nguyen disputes the ALJ's conclusion that he does not suffer from post-trau-

matic stress disorder or dysthymia. He emphasizes that the most recent psychological evaluation was performed by Dr. Clayman, but that the ALJ based his conclusions on evaluations done by Dr. Taylor and Mr. McGinn at least a year prior to Dr. Clayman's assessment. Dr. Clayman found that Nguyen suffers from post-traumatic stress disorder and dysthymia, which would qualify him for "listing level impairments" and Social Security benefits. In balancing the contradictory findings of Dr. Clayman with those of Mr. McGinn and Dr. Taylor, the ALJ determined, however, that Dr. Clayman's methodology was not in accordance with standard procedures. Specifically, Dr. Clayman did not employ any of the psychodiagnostic tests used to evaluate relevant impairments. Instead, he relied on his own impressions of verbal responses given by the claimant through an interpreter. Nguyen asserts that Dr. Clayman's methodology was sound because the standard tests are culturally biased in favor of Americans.

Nguyen addresses the competing findings of Dr. Taylor and Dr. Clayman by suggesting that Dr. Taylor's conclusions are inconsistent with the *Diagnostic and Statistical Manual IIIR*. Dr. Taylor acknowledged that the claimant had experienced many physical and emotional difficulties during the Vietnam War and his subsequent migration to the United States, yet the ALJ found that there was no evidence that the claimant "experienced any event outside the range of usual human experience." Notwithstanding the fact that this Court agrees with the claimant that he has experienced events outside the range of usual human experience, Dr. Taylor's report nonetheless provided sufficient evidence to conclude that Nguyen does not suffer from post-traumatic stress syndrome. Indeed, Dr. Taylor questioned Nguyen regarding his disturbing and difficult migration, but he found that "there are no known incidents that were of such severity or intensity as to cause any post-traumatic type symptoms." AR at 312. These findings constitute substantial evidence to support the ALJ's conclusion that Nguyen does not suffer from post-traumatic stress.

■ In addition, Nguyen challenges the ALJ's finding that he did not suffer from clinical depression, and supports his contention with Dr. Clayman's findings. Dr. Taylor noted in his July, 1992 findings that the Mini Mental State Examination and the Bender–Gestalt tests revealed no mental impairments or perceptual-motor handicaps and, further, that while Nguyen did exhibit some symptoms of depression, he "did not display a full range in intensity of symptoms which would qualify him for a diagnosis of severe dysthymia or a major depression." AR at 317. Although Dr. Clayman disagreed, the ALJ properly exercised his discretion to weigh the credibility and applicability of conflicting expert analysis and testimony. As noted above, it is the responsibility of the Commissioner, not the reviewing court, to determine issues of credibility, draw inferences from the record and resolve conflicts in the evidence. *Irlanda Ortiz*, 955 F.2d at 769; *Evangelista v. Secretary of Health and Human Services*, 826 F.2d 136, 141 (1st Cir. 1987). The ALJ's determination that Nguyen's mental impairments did not substantially affect his ability to perform gainful activity is, therefore, supported by substantial evidence.

■ The claimant cites *Carrillo Marin v. Secretary of Health and Human Services*, 758 F.2d 14, 17 (1st Cir.1985) in support of his assertion that the ALJ should have ordered further consultative examination. However, the Court in *Carrillo* emphasized that the testimony in question was the *only* medical testimony offered, and that the ALJ had substituted his own opinion for that of the expert. *Carrillo*, 758 F.2d at 16. In contrast, in the case at bar the ALJ properly evaluated competing testimony and appropriately supported his findings with substantial evidence in the record.

b. *Availability of Appropriate Jobs*

Mr. Nguyen's second argument contests the ALJ's conclusion that the Commissioner met her burden of proof at step five of the sequential evaluation by demonstrating that there was work he could perform, regardless of his physical and mental impairments. The ALJ found that the Commissioner met her

burden when a vocational expert, Mr. Goldfarb, identified several jobs which could be performed by a person with the physical and mental impairments of the claimant. Specifically, Mr. Goldfarb testified that a person with Nguyen's limitations, as described by the ALJ, could work as an assembler, machine tender, sorter/inspector and security guard. Mr. Goldfarb also testified that such work exists in significant numbers in the regional and national economies.

The claimant bases his challenge on four grounds:

1) the ALJ's hypothetical to the vocational expert involved Nguyen's ability to do sedentary work, yet the ALJ concluded that Nguyen was able to do light work,

2) the ALJ's decision incorrectly characterizes the vocational expert's testimony,

3) the ALJ required the vocational expert to express an opinion as to whether Nguyen could do certain jobs in Vietnam and not in the United States, resulting in the vocational expert's failure to consider Nguyen's inability to communicate in English, and

4) the vocational expert did not state exactly how many suitable jobs existed for the claimant in the national economy.

Those arguments are considered *seriatim.*

■ According to the hearing transcript, the ALJ initially questioned the vocational expert regarding the claimant's ability to do light work, AR at 58, and later posed a hypothetical regarding the claimant's ability to do sedentary work. AR at 82. In response to the series of questions, the vocational expert identified several jobs, both sedentary and light, that the claimant would be able to perform. Thus, even if the ALJ mischaracterized the claimant's ability in his findings, such an error would not render the claimant eligible for benefits because the hearing transcript clearly reveals that the vocational expert identified several positions appropriate for the claimant.

■ The claimant also argues that the decision of the ALJ mischaracterizes the vocational expert's testimony because that expert never identified any jobs which the claimant could do without qualification. When asked by the claimant's attorney, the vocational expert clearly stated, however, that the claimant would be able to perform the duties of a security guard and repetitive assembly jobs and positions such as an inspector/sorter. AR at 91, 94. Although the expert conditioned his response on the claimant's manual dexterity, the several doctors' reports indicated that the claimant possessed an excellent level of manual dexterity.

Nguyen next challenges the ALJ's findings because he allegedly restricted the vocational expert's consideration to the claimant's ability to perform potential jobs "in Vietnam." This contention does not warrant extensive discussion because the hearing transcript indicates that the vocational expert and the ALJ considered the claimant's language deficiencies with regard to every potential job identified. AR at 87, 88, 90, 92–94.

[11] Finally, the claimant challenges the ALJ's findings on the grounds that Mr. Goldfarb never identified exactly how many sedentary assembly machine tender jobs existed that could be done one-handed. However, Mr. Goldfarb testified that "there's many different kinds of light assembly work and sedentary assembly work." AR at 92. When asked about the availability of such jobs which could be performed with one hand, Mr. Goldfarb responded:

> machine tender is ... a job that it's conceivable you could do one handed.... In the shops where I've placed people, usually the product is light such as games, plastic products, and so forth that could be done with one hand.... I have never seen that particular job on products that it couldn't be done that way.

AR at 94–95. While Mr. Goldfarb did not specifically state how many such jobs existed, he indicated that there was a great variety of such jobs, and that he was confident most could be done with one hand. That testimony provided a sufficient basis for the ALJ's conclusion.

This Court finds, therefore, that substantial evidence in the record supports the ALJ's findings with respect to Nguyen's work ability. To the extent that the ALJ

relied upon Mr. Goldfarb's conclusions, it is the responsibility of the Commissioner, not this Court, to determine issues of credibility, draw inferences from the record and resolve conflicts in the evidence. *Irlanda Ortiz,* 955 F.2d at 769; *Evangelista,* 826 F.2d at 141. In addition, the ALJ considered testimony of Nguyen and his son, and found that the claimant was not a fully credible witness, particularly as to the issues of the level of his pain and his undertaking of his light work activities. In sum, the ALJ's findings regarding available employment opportunities are supported by substantial evidence in the record.

## III. CONCLUSION

Based upon the foregoing considerations, this Court finds that the ALJ appropriately analyzed Nguyen's physical and mental impairments, and properly determined his residual functional capacity in conformance with the Social Security Regulations. Furthermore, this Court finds that the ALJ's conclusion that suitable jobs do exist in the national economy was supported by substantial evidence. The Commissioner's decision to deny disability benefits to Nguyen will, accordingly, be AFFIRMED.

### ORDER

For the foregoing reasons, this Court concludes that the final determination of the Commissioner that the claimant, Hoanh Van Nguyen, is not disabled is supported by substantial evidence in the record. Furthermore, this Court finds that the Commissioner's conclusions were in accordance with the law. The decision of the Commissioner is, therefore, AFFIRMED.

SO ORDERED.