Edwin SANCHEZ, Plaintiff,

v.

Kenneth S. APFEL, Commissioner of the Social Security Administration, Defendant.

No. CIV. A. 98–40164–NMG.

United States District Court, D. Massachusetts.

Aug. 11, 1999.

Ronald B. Eskin, Law Office of Robert B. Eskin, PCX, Lowell, MA, for plaintiff.

Roberta T. Brown, U.S. Attorney's Office, Boston, MA, for defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is an action to review a final decision of the defendant, the Commissioner of the Social Security Administration ("the Commissioner"), denying the plaintiff, Edwin Sanchez ("Sanchez"), Social Security disability benefits ("SSD") and supplemental security income ("SSI") pursuant to the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 405(g), 1383(c). Sanchez filed a civil complaint asking this court to find that he is legally entitled to the benefits. The Commissioner moved for an order affirming his decision. Sanchez filed a motion to reverse the decision of the Commissioner, or alternatively, to remand the matter to the Commissioner for further proceedings.

### I. *Procedural History*

Sanchez applied for SSI on March 23, 1995, and for SSD benefits on April 3, 1995, based both on his alleged severe arthritis in his right shoulder and left knee as well as on a disabling depressive disorder. The Commissioner denied Sanchez's applications initially and upon reconsideration. An Administrative Law Judge ("ALJ") considered the case *de novo* and found, on October 25, 1996, that Sanchez

was not able to lift more than 50 pounds and had only moderate limits on his mental capacity to "respond to supervision, plan daily activities, initiate and participate in activities, and maintain concentration and persistence in tasks." (Tr. 22). The Appeals Council denied Sanchez's request for review on June 2, 1998, thereby rendering the ALJ's determination a final decision, subject to judicial review. *See Da Rosa v. Secretary of Health and Human Services,* 803 F.2d 24, 25 (1st Cir.1986).

On February 24, 1999, the Commissioner filed a Motion requesting that this Court enter an order affirming his decision. Sanchez sought review of that decision. He requested, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), that this Court find that the ALJ committed substantial error and remand the case for a new hearing. The alleged error of which Sanchez complains is that (1) the ALJ improperly failed to give weight to the opinion of Sanchez's treating psychiatrist, Dr. Scott Berman, and (2) the ALJ failed to credit the treatment reports of the Sanchez's orthopedist, Dr. Emilio Jacques.

### II. *Background*

Edwin Sanchez was born on July 25, 1957. He graduated from high school in Puerto Rico, but as Spanish is his native language, he experiences difficulty communicating in English. Sanchez's work history consists almost exclusively of manual labor, including work as an injection molder, speaker inspector, and shipper/receiver. Sanchez last worked as a forklift operator, but left that position on January 16, 1995. According to vocational expert, Michael Dorval, all of Sanchez's previous work may be classified under an exertional range of light to medium. *See* 20 C.F.R. Part 404, Subpart P, Appendix 2. Sanchez alleges that he is disabled by pains in his shoulder back and right knee, as well as from depression, nerves and mental problems.

During an SSA-ordered examination in May 1995, Sanchez reported to Vincent

Giustolisi, M.D., that he hurt his back in January of 1995 while lifting a heavy object at work. However, the ALJ determined that the medical evidence indicated a different source for his physical pain, namely an earlier motor vehicle accident.[1]

An examination performed on April 25, 1995, by Dr. Sabir Hussain Moghul, Sanchez's operating and treating physician, revealed Plaintiff's shoulder pain to be present only with active movement. The knee was tender, but not from an injury to the joint, and the back was also tender, but all other clinical signs of damage were negative. Moreover, Sanchez's primary care physician, Dr. Alvin Chua, noted that Sanchez can walk about 500 feet at a time, stand for six hours a day, sit for six hours a day, bend/stoop on occasion, and lift ten pounds. He did not impose any work-related restrictions on the use of Sanchez's arms or legs, nor did he document any right shoulder restrictions.

In contrast, Dr. Emilio Jacques, Sanchez's orthopedic surgeon noted a reduced range of motion in Sanchez's back and shoulder, as well as chronic pain which limits Sanchez to sitting or standing for less than an hour at a time. Dr. Jacques stated that it was his belief that Sanchez cannot work due to his limited capacity to sit, stand, walk and lift objects.

According to the record, Sanchez's psychiatric problems are characterized by hallucinations, suicidal thoughts and a severe memory disorder. Though he feels capable of working with other people, Sanchez suggests that he does not feel that his memory and ability to concentrate are adequate to permit him to work. Sanchez's treating physician, Dr. Scott Berman apparently has diagnosed Sanchez with an amnestic disorder.

However, the reviewing physician whom Sanchez saw at the behest of the Social Security Administration, Dr. Nina Nizetic, came to somewhat different conclusions, finding that there was some evidence of paranoia and illusions, but attributing those to Sanchez's history of alcohol dependence. Although, at the ALJ hearing, Sanchez denied having a current problem with alcohol, other evidence was presented in the form of treatment reports from Dr. Berman to indicate that Sanchez had previously been treated for substance abuse.[2] Dr. Nizetic also stated that Sanchez's recent and past-event memory appeared intact.

## III. *Analysis*

### A. **Standard of Review**

 Review of a final decision of the Commissioner is limited pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). After a final determination is made by the Commissioner, at the request of a party to the action, a district court is authorized to review the pleadings and the transcript of the proceeding and to enter a judgement either affirming, modifying, or reversing the decision, with or without remanding the cause for a rehearing. *See id.* § 405(g). Review by this Court is limited in scope, however, because the Commissioner's factual findings must be affirmed if they are sup-

---

1. In 1992, Plaintiff was treated for back, shoulder and bilateral knee pain following a motor vehicle accident on April 27. He was seen by physicians at Harrington Memorial Hospital (in the emergency room on two separate occasions following the accident and in the physical therapy unit between June and September of 1992), as well as at Mercy Hospital where Sanchez underwent an acrimioplasty to repair a tear of his right shoulder rotator cuff. It is noted that 1) these therapy sessions were "tolerated well," and were discontinued when Sanchez failed to keep three successive scheduled appointments, and 2)

throughout both the Plaintiff's surgery and physical therapy treatments, he continued to work as a forklift operator.

2. Defendant accurately notes that alcohol and drug addiction and the resultant effect on a claimant's work capabilities are no longer to be considered in making a disability decision. Congress amended the Social Security Act on March 29, 1996, to preclude an award of benefits on that basis. *See* P.L. No. 104–121 § 105(a)(1) and 105(b)(1), 110 Stat. 847, 852–853 (1996).

ported by substantial evidence in the record and are in accord with the law. *See id.; Irlanda Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir.1991).

 Even in cases where the record can be perceived to support another conclusion, the Commissioner's decision must be upheld if it was supported by substantial evidence. *See Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st Cir.1987), *cert. denied,* 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988); *see also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner, not the reviewing court, must determine issues of credibility, draw inferences from the record and resolve conflicts of the evidence. *See Perales,* 402 U.S. at 400, 91 S.Ct. 1420; *Irlanda Ortiz,* 955 F.2d at 769; *Evangelista v. Secretary of Health and Human Services,* 826 F.2d 136, 141 (1st Cir.1987).

**B. Disability determination**

 To establish entitlement to disability benefits, the burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act ("the Act"). *See Bowen v. Yuckert,* 482 U.S. 137, 146–47, n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). Under the Act, a person suffers from a disability when he is unable to engage in any substantial gainful activity due to a medically determinable condition likely to result in death or to continue for at least twelve months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c(a)(3)(A). The Act also requires that medical evidence be presented which confirms the existence of the alleged disability. *See id.* §§ 416(i)(1), 423(d)(1), (3), (5), 1382c(a)(3)(A).

 Furthermore, a claimant is not guaranteed disability benefits simply because he suffers from a medically verifiable impairment. Not only must the claimant be unable to perform his past work,

but, the condition must be so severe that given his age, education and work experience, he must be unable to perform any other kind of substantial, gainful work in the national economy. *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also* 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f); *Bowen,* 482 U.S. at 142, 107 S.Ct. 2287; *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986).

**C. The Findings of the Administrative Law Judge**

 In evaluating Mr. Sanchez's application for benefits, the ALJ applied the familiar and well-established sequential five-step process to determine eligibility enumerated in 20 C.F.R. § 404.1520. *See Goodermote v. Secretary of Health and Human Services,* 690 F.2d 5, 6–7 (1st Cir. 1982). The first two are threshold tests. If the claimant is employed or does not have a severe impairment, then he is deemed not to be disabled. *See* 20 C.F.R. § 416.920(a)-(c); *Goodermote,* 690 F.2d at 6. If, in the third test, the impairment meets or exceeds the criteria listed in Commissioner's regulations, *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, then the claimant is automatically considered disabled. *See id.* § 416.920(a), (d). Fourth, if the claimant's impairment does not prevent him from performing work of the sort he has done in the past, then he is not disabled. *See id.* § 416.920(e). Fifth, if the claimant's impairment does not prevent him from performing other work of the sort found in the national economy, then he is not disabled. *See id.* § 416.920(f).

Sanchez stated that he experiences intense, constant pain in his lower back which gets worse with prolonged sitting, walking, and bending. He also indicated to the ALJ that his back hurts after sitting for roughly a half hour, and his leg and back start to get numb after standing 20 to 30 minutes. He stated that he can walk for 500 feet before he must sit down, and

that he usually must lie down for an average of 30 to 60 minutes up to three times daily in order to relieve his pain. Plaintiff also stated that he can lift a maximum of 10 pounds.

The ALJ made findings based on, *inter alia*, (1) the testimony of the claimant offered through an interpreter, (2) the claimant's medical records from his treating physicians, (3) the medical examinations performed by both Sanchez's treating physicians, as well as the reports of the physicians who evaluated Sanchez in preparation for the administrative hearing, and (4) the testimony of a vocational expert, Michael Dorval. Based upon that evidence, the ALJ concluded that Mr. Sanchez was not gainfully employed. Furthermore, noting that his shoulder and back pain imposed significant vocationally relevant limitations, the ALJ found that his condition is severe within the meaning of the regulations. With respect to the third test, however, the ALJ found that the claimant does not have an impairment equivalent in severity to the criteria listed under Appendix 1 of the Regulations. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1.

Dr. Scott Berman, Sanchez's treating psychiatrist, indicated that Sanchez suffers marked psychological restrictions, especially in memory, which render him unable to work at this time.[3] The ALJ gave no weight Dr. Berman's opinion, based on her own evaluation of Sanchez's testimony and overall demeanor at the hearing. Specifically, she noted that claimant related a detailed account of the relevant facts at the hearing without any apparent difficulty remembering these details. Furthermore, Sanchez remained attentive throughout the hearing and demonstrated his ability to concentrate on the questions put before him. Moreover, the first-hand observations of the ALJ are supported by the other medical evidence.

Nor is the ALJ to be faulted, as Sanchez contends, for failing to give weight to the opinion of Dr. Jacques, Sanchez's orthopedist, who found Sanchez unable to continue working. She chose instead to credit the opinions of both Dr. Chua and Dr. Giustolisi who did not recommend a severe restriction on Sanchez's work activities. It is the proper role of the ALJ to resolve inconsistencies and make credibility determinations and this Court accepts her findings.

Finally, regarding the fourth test, the ALJ also properly rejected Sanchez's claims of disabling limitations due to pain rendering him unable to perform work of the sort he has done in the past. To establish such a claim, the claimant must first show that his impairments can reasonably be expected to cause the allegedly disabling symptoms. If a claimant meets that burden, the ALJ must then consider the intensity and persistence of the claimant's symptoms and the functional impact of those symptoms on his ability to perform past relevant work. 20 C.F.R. § 416.929. The ALJ properly rejected Sanchez's claim based upon 1) the opinions of treating and examining medical practitioners, 2) the testimony of the impartial vocational expert, Mr. Dorval, who, in comparing plaintiff's residual functional capacity to the kind of work he had performed in the past, opined that Sanchez retained the capacity to perform such work, 3) the lack of substantial medical evidence showing greater limitations, and 4) inconsistencies between his current claims and other evidence in the record. Due to her findings on the issue of past work, the ALJ found it unnecessary to consider the final step in the process.

## IV. *Conclusion*

The only issue before this Court is whether there was substantial evidence in the record to support the finding that San-

---

**3.** Dr. Berman recognized, however, that these restrictions may be due to Sanchez's history of chronic alcohol abuse.

chez is not disabled within the meaning of the Act. *See Lizotte v. Secretary of Health and Human Services,* 654 F.2d 127, 128 (1st Cir.1981). In this case, there was substantial evidence in the record to support the Commissioner's finding that Sanchez remained able to perform his past work, and that he is not entitled to receive disability benefits. This Court will therefore affirm the Commissioner's decision to deny Mr. Sanchez disability benefits.

## ORDER

For the foregoing reasons, this Court finds that the Commissioner's final determination was supported by substantial evidence on the record and analyzed under the appropriate legal standards. The decision of the Commissioner is, therefore, **AFFIRMED.** The motion of Sanchez to reverse the decision of the Commissioner, or alternatively, to remand the matter back to the Commissioner (Docket No. 10) is **DENIED.**

**So ordered.**